Louise E. Palmer *vs.* Alonzo B. Davidson.

Worcester.    January 2, 1912. — May 22, 1912.

Present: Rugg, C. J., Hammond, Braley, Sheldon, & DeCourcy, JJ.

*Tree. Statute,* Construction. *Evidence. Words,* "Wilfully."

R. L. c. 185, § 7, which in substance provides that one who wilfully cuts down, carries away, girdles or otherwise destroys any trees, timber, wood or underwood on the land of another without license and without good reason to believe that the land was his own or that he was authorized so to do, shall be liable to the owner in an action of tort for three times the amount of damages assessed therefor, is remedial and not penal.

At the trial of an action under R. L. c. 185, § 7, for three times the damages alleged to have been caused by the defendant wilfully cutting down trees on the plaintiff's land without license and with no good reason to believe that the land was his own or that his acts were authorized, the defendant admitted that he had cut down the trees and that he had no right to do so, and a deed was in evidence, the language of which was unambiguous and from which it appeared that the defendant had no right to cut the trees in question. The defendant offered to show that when he cut the trees he believed he had a right to do so. The evidence was excluded, and the jury were instructed in substance that the word "wilfully" was used in the statute in the sense of consciously and intentionally, "in contradistinction to casual and involuntary." *Held,* that the evidence was excluded properly and that the instructions to the jury were correct as applied to the case.

Tort under R. L. c. 185, § 7, for triple damages for wilfully cutting down trees on the plaintiff's land. Writ dated April 2, 1909.

In the Superior Court the case was tried before *Quinn,* J. The

facts are stated in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. The defendant is not liable to treble damages unless it appears that the trespass was wilful, in the sense that at the time he cut the lumber he had an intent to disregard the plaintiff's rights, or had in his mind the fact that he had no right to cut such lumber.

"2. If at the time of cutting the lumber, the defendant believed he had such right to cut, he is not liable for any more than the actual damage, however mistaken he may have been in such belief.

"3. The statute is in the nature of a penal law and must be construed strictly, and an intent must be proved by evidence and cannot be inferred from the doing of the act itself.

"4. Carelessness and negligence alone is not enough to render the defendant liable under this statute."

The rulings were refused. The jury found for the plaintiff in the sum of $150; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. B. Dodge & W. J. Taft,* for the defendant.

*J. S. Gould,* for the plaintiff.

HAMMOND, J. This is an action brought under R. L. c. 185, § 7, whereby the plaintiff seeks to recover damages for an alleged trespass upon her land and the cutting and removing therefrom of certain trees.

1. The defendant contends that the statute is penal and accordingly should be strictly construed, while the plaintiff contends that it is remedial and should be liberally construed. The statute is plainly remedial and not penal. It gives damages only to the person whose property is injured, which in form and substance is indemnity. It is immaterial that the sum recoverable exceeds the actual injury. *Reed* v. *Northfield,* 13 Pick. 94. *Gray* v. *Bennett,* 3 Met. 522. *Mitchell* v. *Clapp,* 12 Cush. 278. *Woodgate* v. *Knatchbull,* 2 Term Rep. 154. *Stanley* v. *Wharton,* 9 Price, 301.

2. At the trial the defendant admitted that he cut the trees described in the declaration, that he had no right to cut them, that the plaintiff owned the land on which they stood at the time of the cutting and could hold the defendant answerable for the damages suffered. And the only question really in dispute is whether the damages should be single or triple.

The only right which the defendant had to cut trees upon the plaintiff's land was derived from a certain deed from the plaintiff to him. This deed conveying the wood and timber on a certain tract of land therein described consisting of about seventy acres, contained the following clause: "Reserving and excepting, however, from the above described wood, trees and timber and from this conveyance, all the trees standing on and included in what is known as the walnut grove, situated in the northeast corner of the above described premises." It appeared that of the trees cut some were chestnut and some oak, all growing within the limits of the walnut grove named in the above mentioned clause of the deed. During the trial the defendant offered to show that at the time of the cutting he believed he had the right to cut the trees, and that he had no wilful intention of cutting trees to which he had no right. The presiding judge ruled that this evidence was inadmissible upon the ground that as matter of law there was no ambiguity in the reservation clause contained in the deed, and that under the clause the defendant had no right to cut the trees.

The evidence was rightly excluded. The defendant's deed gave him no right to cut the trees. He had in his own possession the document determining what his rights were, and he must be held to have known the terms of the deed; and he cannot now be permitted to set up his own neglect. Under such circumstances, if he intentionally cut down these trees he cut them down wilfully within the meaning of the statute. The jury were instructed in substance that if the defendant, knowing that he was upon the land of the plaintiff, cut down and carried away these trees, then he was answerable in triple damages unless he had good reason to believe that the land was his own or that he was lawfully authorized to do the acts complained of. And they were further instructed that the word "wilfully is used in the sense here of one going upon the land of another and doing it consciously, doing it intentionally," "in contradistinction to casual and involuntary."

These instructions were correct as applied to this case. The defendant knew all the facts. He went upon the land of the plaintiff knowingly, and intentionally cut down the trees. The presiding judge correctly ruled that the defendant had no reason to believe that the land was his, or that he was lawfully authorized to go

thereon. We see no error in the manner in which the court dealt with this part of the case.

The exception to the statement in the charge that the measure of damages is the fair market value of the lumber at the time it was cut is not argued, and considering its nature we regard it as waived.

*Exceptions overruled.*