JOSEPH H. LODI *vs.* ARTHUR J. GOYETTE.

Hampden. September 22, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Appeal, Finding of judge. *Contract,* Construction, Implied in law, Performance and breach, Consideration.

An appeal from an order made by a judge of the Superior Court, like other appeals, raises only such questions of law as appear by the record, and facts which do not appear by the record cannot be supplied by statements in the appeal itself.

Where a trial judge, before whom an action of contract has been tried without a jury upon a declaration containing five counts, makes a general finding for the plaintiff in a certain sum, the finding must stand if the evidence will support it on any count. In the present case it was apparent from the record that the finding must have been made on one or more of three counts out of the five of the declaration and that at least on one of them the finding was warranted by the evidence.

A contract, giving an option to purchase a parcel of land for $4,410, of which $100 was to be paid on delivery of the option and $300 was to be paid on delivery of the deed, contained the following provision as to the payment of the balance of the purchase money: "The purchaser may obtain as large a loan as possible from some savings bank and said [vendor] will take back a mortgage for the balance, securing a note of the purchaser." *Held,* that this provision meant that, if the purchaser was unable to procure a loan on the property from a savings bank, he could give his own note and mortgage for the entire balance of the purchase money.

In an action for $100 had and received by the defendant to the plaintiff's use, there was evidence that $100 was paid by the plaintiff for a contract of option in writing to purchase a strip of land from the defendant for $4,410, the $100 to form a part of the purchase money if the conveyance was made, and to be retained by the defendant as liquidated damages if the plaintiff failed to exercise his option within the time named, that $300 was to be paid on the delivery of the deed and the balance was to be paid by a note secured by mortgage, that the plaintiff paid the $100 at the date of the agreement, that on the last day of the option he was at the office where the papers were to be passed with $300 ready to carry out the terms of the agreement, and that he so informed the defendant by telephone, whereupon the defendant refused to come to the office or to carry out the contract. *Held,* that a finding was warranted that the plaintiff was entitled to the return of the $100.

A contract under seal requires no consideration.

CONTRACT, with five counts as described below. Writ in the Police Court of Springfield dated April 21, 1913.

The declaration was founded on the following agreement of option signed by the defendant under seal and afterwards extended as below set forth:

"Agreement made this sixteenth day of February, 1912, between Arthur J. Goyette and Joseph H. Lodi, both of Springfield, Hampden County, Massachusetts, whereby the said Goyette in consideration of One Hundred Dollars ($100) paid this day, gives to the said Lodi the option of purchasing certain real estate in said Springfield, bounden and described as follows:

"Bounded easterly by Water street about forty-nine and 5-10 (49.5) feet; southerly by land now or formerly of one Choiniere thirty (30) feet; westerly by land of said Goyette about forty-nine and 5-10 (49.5) feet; northerly by land now or formerly of T. M. Walker, thirty (30) feet.

"The said Goyette is to reserve the right to himself, his heirs and assigns to use the passageway as it exists to-day on the south side of the lot for access to his remaining land, but agrees that the purchaser may occupy the whole house, a part of which stands on the remaining land, so long as said house stands.

"Said option to expire March 16, 1912. The purchase price of said property to be Forty-four Hundred and Ten Dollars ($4,410). Said payment of One Hundred Dollars ($100) is to form part of the purchase price if transfer is made; to be retained as liquidated damages in case said Lodi shall not exercise his option. Three Hundred Dollars ($300) additional shall be paid in cash at time of delivery of deed.

"The purchaser may obtain as large a loan as possible from some Savings Bank and said Goyette will take back a mortgage for the balance, securing a note of the purchaser payable in installments of Fifty Dollars ($50) each six (6) months with interest semi-annually at the rate of six per cent. per annum,

"Conveyance to be made by warranty deed, free of incumbrances:

"In witness whereof, the parties hereto set their hands and seals the day and date first above written.

Arthur J. Goyette,     (Seal)

"Witness: Ralph W. Ellis.                 (Seal)"

"March 16, 1912.

We hereby agree that the option as set forth upon the reverse side of this instrument shall be extended until 12 o'clock noon March 30, 1912.

A. J. Goyette,          (Seal)

Joseph Henry Lodi,          (Seal)

Witness:   G. Marston Leonard

· to both"

The first count was for $100 received by the defendant to the plaintiff's use, with interest thereon from March 30, 1912.

The second count alleged that, after the making and the extension of the agreement of option, the plaintiff and the defendant made an oral collateral agreement that the place for the performance of the written agreement should be at the office of Ralph W. Ellis, in Springfield, and that the defendant should produce within the time set forth in the written extension of the option someone to take a first mortgage on the property described in the agreement; that the plaintiff was present at the time and place agreed upon, ready and willing to perform his part of the agreement and to exercise the option; that defendant failed to appear and defaulted in his part of the agreement; and that the plaintiff therefore was by the defendant deprived of his opportunity to exercise the option. "Wherefore, the defendant owes the plaintiff $100 with interest from the 30th day of March, 1912."

The third count alleged that the plaintiff and the defendant subsequently made the oral collateral agreement set forth in the second count, and that the plaintiff was present at the time and place agreed upon, ready and willing to perform his part of the agreement and to exercise his option; that the defendant failed to appear and defaulted in his part of the agreement; and that plaintiff therefore was by the defendant deprived of his opportunity to exercise the option. "Wherefore, the plaintiff lost the profits of a sale of the property described in the agreement."

The fourth count alleged that in consideration that it was impossible for the plaintiff to procure a mortgage loan from any savings bank as set forth in the agreement, because of the nature and dimensions of the property therein described, which impossibility was not known to the plaintiff when the agreement

was entered into, the defendant agreed to repay to the plaintiff the $100 paid the defendant as set forth in the written agreement; but that the defendant, although often requested by the plaintiff to perform his agreement, had utterly failed to repay the plaintiff. "Wherefore, the defendant owes the plaintiff $100."

The fifth count alleged that the plaintiff entered into a written agreement with the defendant as set forth above; that, owing to the nature and dimensions of the land therein described, it was impossible to procure from a savings bank a loan of money to be secured by a mortgage on the property, and that in consequence the agreement was impossible of performance. "Wherefore, the defendant owes the plaintiff the $100 paid to the defendant under said agreement, together with interest from the 16th day of February, 1912."

The answer was a general denial.

On appeal to the Superior Court the case was tried before *Crosby,* J., without a jury. The substance of the evidence is described briefly in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That on the plaintiff's evidence, he is not entitled to recover.

"2. That the consideration for the option was exhausted on March 16.

"3. That the extension was a new contract and not dependent upon the consideration given for the option; and was not an option, but a continuing offer by the defendant, which required acceptance by the plaintiff to make a complete contract.

"4. That after the continuing offer was accepted there could be no breach of the contract until a tender by the plaintiff of what he was bound to do under the contract and a demand for performance by the defendant.

"5. That the plaintiff must prove that he was not only able but ready to perform. [This ruling was made by the judge.]

"6. That the measure of damages for breach of such a contract is the difference in value between the contract price and the market value at the time of breach, and it is incumbent upon the plaintiff to prove this.

"7. That the possession of $300 in cash, without the execution of a note and mortgage for any amount, and the presence at the

place agreed upon, did not constitute a state of preparedness on the part of the plaintiff.

"8. That the fifth clause of the agreement cannot be construed to mean that the defendant was bound to accept the note of the plaintiff payable $50 every six months, for $4,000, and secured by a mortgage of the premises, as performance by the plaintiff."

The judge refused to make any of these rulings except the fifth, and found for the plaintiff in the sum of $103.50. The defendant alleged exceptions, which, after the resignation of *Crosby,* J., upon his appointment as a justice of this court, were allowed under R. L. c. 173, § 108, by *Aiken,* C. J.

The following instrument in writing entitled "Plaintiff's Appeal and Exceptions" was filed by the plaintiff:

"1. In the above entitled case, the plaintiff appeals to the Supreme Judicial Court from the ruling of the trial court granting to the defendant an extension of time to May 11, 1914, for presentation of his exceptions to the court for allowance, said exceptions having remained in the files without action for three months, and then during one month additional after having received notice from the court in accordance with Rule 64 of the Superior Court, and assigns for error that said ruling is in violation of said Rule 64.

"2. The plaintiff says that he had no knowledge of the filing or allowance 'of motion specified in paragraph 1 until the 15th day of April, 1914; that he immediately filed a motion to vacate the order allowing extension of time for presenting exceptions, and for entry of judgment; that this motion was denied. From this refusal, the plaintiff appeals to the Supreme Judicial Court and assigns for error that the refusal is in violation of Rule 64 of the Superior Court."

There was no statement in the record before this court of any order extending the time for presenting the bill of exceptions.

*H. A. Buzzell,* for the defendant.

*F. N. Newell,* for the plaintiff.

DE COURCY, J. The plaintiff appealed from the order allowing an extension of time for presenting the bill of exceptions to the presiding judge for allowance under Rule 64 of the Superior Court. Assuming that the appeal is properly before us, it must be dismissed. An appeal raises only such questions of law as

appear by the record. There is in this record nothing to sustain the allegations of fact in the plaintiff's motion, such as the date of filing and that of allowing the exceptions. *Fay* v. *Upton,* 153 Mass. 6.

As to the defendant's exceptions. If the evidence would support any count in the declaration, the general finding for the plaintiff must stand. It is clear, however, that the trial judge did not make his finding on the third count, based on loss of profits, because he refused to give the sixth ruling requested which would be applicable thereto. And it must be assumed also that he did not find on the fifth count alleging the impossibility of performing the contract, because he ruled, as requested by the defendant, "that the plaintiff must prove that he was not only able but ready to perform."

The purchase price of the property was $4,410. A payment of $100 was made on the date of the agreement, $300 were to be paid at the time of the delivery of the deed, and the balance was to remain on mortgage. As we construe the agreement, if the plaintiff was unable to procure a loan on the property from a savings bank he could give his own note and mortgage for the entire balance of $4,010. It could be found that on the last day of the option, so called, he was at the office where the papers were to be passed, with the $300, ready to carry out the terms of the agreement, and so informed the defendant by telephone; and that the defendant declined to come to the office or to carry out the contract. Upon such breach of the agreement the plaintiff became entitled to a return of the deposit money. This, with other corroborative evidence, furnishes ample support for the finding under the first count. Whether there was evidence to warrant a finding under the second and fourth counts also, need not be considered.

As to the extension of the time for carrying out the sale, it is sufficient to say that the agreement to do so was under seal, which imports a consideration. *Roth* v. *Adams,* 185 Mass. 341.

We find no error in the judge's refusal to rule as requested.

*Order appealed from affirmed.*
*Exceptions overruled.*