J. I. Moskow *vs.* John A. Smith.

Plymouth. March 8, 1945. — March 28, 1945.

Present: Field, C.J., Lummus, Dolan, Ronan, & Spalding, JJ.

*Trespass. Evidence,* Presumptions and burden of proof. *Damages,* For tort. *Election. Practice, Civil,* Election. *Words,* "Wilfully."

Certain testimony by a defendant bound him and required a finding for the plaintiff as matter of law where there was no evidence more favorable to the defendant.

A defendant was liable under G. L. (Ter. Ed.) c. 242, § 7, where trees were cut down by others at his direction on land which he knew was not his, and his only alleged authority for the cutting was a request made by one not having nor appearing to have any interest in the land.

In an action with a count for trespass in cutting down trees on the plaintiff's land and a count based on G. L. (Ter. Ed.) c. 242, § 7, for the same trespass, where the trial judge found for the plaintiff on the first count and a finding for the plaintiff was required on the second count, on which the judge erroneously found for the defendant, this court ordered that, if the plaintiff should waive the finding on the first count, his exceptions respecting the second count were to be sustained and judgment in his favor should be entered on that count for treble the amount of damages assessed on the first count; otherwise the exceptions were overruled.

Tort. Writ in the Superior Court dated March 29, 1943.
The action was heard by *Baker*, J.

*J. I. Moskow*, pro se, submitted a brief.

No argument nor brief for the defendant.

Spalding, J. This is an action of tort for trespass. The declaration is in two counts; the first is based on the common law and alleges that the defendant unlawfully entered upon the plaintiff's land and wrongfully cut down and carried away about forty trees; the second is based on G. L. (Ter. Ed.) c. 242, § 7, and alleges that the defendant wilfully and without license cut down and carried away trees on the plaintiff's land, thereby rendering the defendant liable for treble damages.

The defendant, who was superintendent of streets of the town of Hull, testified that in March, 1943, eight or ten of his men were cutting trees in the vicinity of the plaintiff's lot; that while he was there, one Messiano, who lived near by, asked him to "clean off" the corner lot[1] which he (Messiano) said belonged to a Mrs. Weston; that they went ahead and cleared it off; and that they "figured . . . [they] had permission to go ahead and do it" but after a few weeks he found out that Mrs. Weston did not own the land. He testified further that he ordered his men to cut the trees on the plaintiff's lot but did not do any of the actual cutting himself; that he gave the order under a "belief that . . . [he] had authority to do it"; and that he had "received no consent from the owner . . . to cut . . . [the] trees." The defendant admitted that the plaintiff was the owner of the land at the time the trees were cut.

The judge found for the plaintiff on the first count and for the defendant on the second. The case comes here on the plaintiff's exceptions to the finding on count 2 and to the refusal of the judge to grant the following requests for rulings: "2. Upon all the evidence, as a matter of law, the plaintiff is entitled to a finding for three times the amount of damages under G. L. (Ter. Ed.) c. 242, § 7." "6. There is evidence to warrant the court in finding for the plaintiff for treble damages under G. L. (Ter. Ed.) c. 242, § 7." Since

[1] The plaintiff's lot.

there was a general finding for the defendant on the second count, an exception to it raises no question of law. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167. *Sreda* v. *Kessel*, 310 Mass. 588, and cases cited. We therefore pass to a consideration of the requests for rulings.

Since there was no evidence more favorable to the defendant than his own testimony, he is bound by it. *Cohen* v. *Martin*, 298 Mass. 425, 427. *Murphy* v. *Smith*, 307 Mass. 64, 66. *Perry* v. *Hanover*, 314 Mass. 167, 170. We think that on this testimony a finding for the plaintiff was required on the second count as matter of law and that it was error to deny the plaintiff's second request. The statute (G. L. [Ter. Ed.] c. 242, § 7) on which this count is based provides that "A person who without license wilfully cuts down, carries away . . . or otherwise destroys trees . . . on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only." The statute requires that the cutting be done "without license" and "wilfully." It is clear that the defendant acted without any license. It is equally clear that he acted wilfully as that word is used in the statute. *Palmer* v. *Davidson*, 211 Mass. 556. It was not necessary that the defendant should personally cut down the trees; he was liable if, as here, he directed the act to be done by others. *Brown* v. *Perkins*, 1 Allen, 89, 98. Am. Law Inst. Restatement: Torts, § 158, comment i. See also *Elder* v. *Bemis*, 2 Met. 599.

Did the defendant bring himself within the protection of that part of the statute which makes one liable for only single damages if he "had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of"? We think not. The defendant had no reason to believe that he was ordering the cutting of trees on his own land; on the contrary he knew that it was to

take place on the land of another. Nor can it be said that he had "good reason to believe" that he was authorized to do what he did. The only basis for such a belief was the fact that Messiano, who did not have or appear to have any interest in the land and who told him that it belonged to another, asked him to clear it. This was not enough. What has been said disposes of the sixth request.

The plaintiff has recovered on count 1 and is pressing his exceptions on count 2. Although there is no allegation in the declaration that both counts refer to the same trespass, it is apparent from the evidence that they do. Since there cannot be recovery on both counts (see *Lawrence* v. *O'Neill*, 317 Mass. 393) the result must be: If the plaintiff within thirty days after rescript files a waiver of the finding on count 1 the exceptions are sustained and judgment is to be entered for the plaintiff on count 2 for three times the amount assessed on count 1 or $375; otherwise the exceptions are overruled.

*So ordered.*