ETHEL KORSUN *vs.* WILLIAM K. McMANUS
(and three companion cases[1]).

Suffolk. October 3, 1945. — November 2, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Motor Vehicle*, Registration. *Name*. *Practice, Civil*, Exceptions: whether error harmful; Trial of actions together. *Error*, Whether error harmful.

On evidence warranting findings that, although a marriage was invalid, the woman thereafter used the man's surname and was commonly and generally known by that name and her given name, it was error to rule that a subsequent registration of her automobile in those names was illegal.

In cross actions between the operators of two automobiles involved in a collision, at the trial of which together there was conflicting evidence as to the due care of both operators, error in ordering a verdict for the defendant in one of the actions because of an incorrect ruling that the plaintiff's automobile was illegally registered was not cured by a special finding by the jury in the other action that the defendant therein, plaintiff in the first action, was negligent, or by a verdict for

[1] The companion cases are William K. McManus *vs.* Joseph Korsun; Anne Cadigan *vs.* Same; Joseph Korsun *vs.* William K. McManus.

the plaintiff in the second action, where it was uncertain, in view of the charge to the jury in the second action, whether the jury's finding of the defendant's negligence was based on the evidence as to his operation of his automobile or solely on an illegal registration thereof as evidence of his negligence.

FOUR ACTIONS OF TORT. Writs in the actions against McManus in the Municipal Court of the City of Boston dated September 14, 1940. Writs in the actions against Korsun in the Municipal Court of the Roxbury District dated November 16, 1940.

Upon removal to the Superior Court the actions were tried together before *Swift,* J.

*M. K. Campbell,* for the Korsuns.

*S. P. Sears,* for McManus and Cadigan.

WILKINS, J. On August 29, 1940, a collision occurred at the intersection of Columbus Avenue and Ruggles Street, Boston, between an automobile of which Joseph Korsun was the operator and his wife, the plaintiff Ethel Korsun, was the owner and an occupant, and an automobile owned and operated by William K. McManus in which the plaintiff Cadigan was an occupant. Out of this collision arose these four actions of tort, (1) by Ethel Korsun against McManus, (2) by McManus against Joseph Korsun, both for personal injuries and property damage, (3) by Cadigan against Joseph Korsun for personal injuries, and (4) by Joseph Korsun against McManus for personal injuries and consequential damages resulting from injuries to his wife. In the actions against McManus at the close of the evidence the jury returned verdicts for the defendant by order of the judge, and the Korsuns excepted. In the actions against Korsun the jury returned verdicts for the plaintiffs, and gave an affirmative answer to the question, "Was the defendant Korsun negligent at the time of the happening of this accident?" In the latter actions the Korsun exceptions relate to the exclusion of evidence, to the denial of his requests for instructions, and to the charge.

We first consider the direction of verdicts in the cases brought by the Korsuns. There was evidence warranting a finding that both operators and both occupants were in

the exercise of due care as well as evidence warranting a contrary finding as to both operators. The verdicts were directed on the ground that the Korsun automobile was illegally registered as a matter of law. The evidence in this respect was as follows: On June 14, 1938, the Korsuns, both residents of Massachusetts, were married in New Hampshire, and thereafter lived at 72 Walnut Park, Roxbury. In March, 1940, the automobile was bought by Ethel Korsun and registered in the name of Ethel Korsun at that address. Korsun testified that he "was divorced in Massachusetts on February 25, 1938," as a result of a libel brought by his first wife which he did not contest. It is uncertain whether he referred to a decree nisi or a decree absolute. Whichever it was, he could not contract a valid marriage on the date of his marriage to Ethel Korsun. G. L. (Ter. Ed.) c. 208, §§ 21, 24. Korsun also testified that he did not know how soon he could marry after a divorce, and that he went to New Hampshire not to "beat the Massachusetts laws,"[1] but because he did not want his family and son to know. Ethel Korsun testified that from June, 1938, down to the time of the trial she was known by the name of Mrs. Korsun; that she used the name all the time after the marriage; that there was no other Ethel Korsun living at 72 Walnut Park; that her maiden name was Misterman; that in December, 1938, there was a trial of a tort case in the Superior Court in which she sued the city of Boston, and the judge awarded her some money in the name of Misterman; that this was several months after she came back from New Hampshire; that she did not use the name Misterman but always used the name Korsun after coming back from New Hampshire; that she used the name Misterman at the trial in the Superior Court; that she worked in a factory when she was married; that at the factory she used the name Korsun; that she knew her name was carried on the books at the factory as Misterman; that the people where she worked called her by the name of Ethel Korsun; that the case against the city was started

---

[1] See G. L. (Ter. Ed.) c. 207, §§ 6, 10.

in 1936, two years before her marriage; and that every-thing in that case except the trial occurred before her marriage. On the foregoing evidence the jury could have found that she was commonly and generally known as Ethel Korsun. This would have been a sufficient compliance with G. L. (Ter. Ed.) c. 90, § 2.[1] *Crompton* v. *Williams,* 216 Mass. 184, 187. *Koley* v. *Williams,* 265 Mass. 601, 602. *Bridges* v. *Hart,* 302 Mass. 239, 243. *Puro* v. *Heikkinen,* 316 Mass. 262, 265. See *Fine* v. *Kahn,* 270 Mass. 557, 558. The statute has for its main purpose the facilitating of identification of the owner of the vehicle, and requires a descriptive statement whereby he can readily be found in the community. *Topf* v. *Holland,* 288 Mass. 552, 554. *Munson* v. *Bay State Dredging & Contracting Co.* 314 Mass. 485, 488. It is to be presumed in the absence of evidence to the contrary that Ethel Korsun acted in good faith in the use of the name. *Doyle* v. *Goldberg,* 294 Mass. 105, 109. *Bridges* v. *Hart,* 302 Mass. 239, 244. It was error to direct the verdicts.

Counsel for McManus strongly urges that if there was error, it was cured by the verdicts against Korsun, which established the due care of McManus, and by the answer of the jury that Korsun was negligent. This contention is untenable. As to the cases in which the Korsuns were plaintiffs, the trial ended with the direction of the verdicts, and the correctness of this ruling in each case must be judged without reference to the subsequent results in the other cases, which were independent proceedings. See *Lumiansky* v. *Tessier,* 213 Mass. 182, 188; *Jordan Marsh Co.* v. *Barry,* 295 Mass. 210, 213. See also *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491, 499. As to the cases against Korsun, the charge, to which he took appropriate exceptions, in substance instructed the jury that Korsun was negligent as matter of law because of the manner of registration, and left it to them to say whether he was also negligent in the operation of the automobile, and whether

---

[1] The material part of the statute is: "The application [for registration of a motor vehicle] shall contain . . . a statement of the name, place of residence and address of the applicant."

his negligence in either respect contributed to the collision. The charge was replete with references to illegal registration as evidence of negligence. We cannot be sure that when the jury found Korsun negligent they did so on the ground of negligence in the operation of the automobile rather than on the ground of negligence due to illegal registration. See *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 534, and cases cited.

We do not consider the questions relating to evidence and the requests for instructions which probably will not arise at another trial.

*Exceptions sustained.*