CHEM-LAC PRODUCTS, INC. *vs.* ARTHUR E. GEROME.

Suffolk.    April 4, 1951. — May 9, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: report.  *Contract,* Under seal, Consideration.  *Guaranty.*

In an action on a sealed guaranty, a request for a ruling that on the evidence the plaintiff must prevail on the issue of consideration for the guaranty was immaterial since, as the judge ruled, the seal imported sufficient consideration.

The propriety of a finding, made in an action in a Municipal Court on a sealed guaranty, that the guaranty had been signed only for the accommodation of the plaintiff, was not open to attack by him on a report to the Appellate Division reporting only the denial of a request by him for a ruling that on the evidence he must prevail on the issue of consideration for the guaranty.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated March 29, 1950.

The action was heard by *Gillen,* J.

*H. Katz,* for the plaintiff.

*H. Pollack,* (*T. V. Sullivan* with him,) for the defendant.

SPALDING, J.  This is an action of contract to enforce a guaranty.  The judge found for the defendant and a report to the Appellate Division was dismissed.  The plaintiff appealed.

The defendant was the president and principal stockholder of the Abbott Processing Company, hereinafter called the corporation.  On March 31, 1949, the corporation was indebted to the plaintiff in the sum of $835.  On that day the defendant executed and delivered to the plaintiff the guaranty declared on.  By its terms the defendant guaranteed payment to the extent of $1,000 "of such sum or sums . . . as may be due or may at any time . . . hereafter become due . . . [to the plaintiff from the corporation] in respect to goods sold."  The guaranty was

under seal. The corporation went out of business on May 1, 1949, at which time it owed the plaintiff $857.50. The defendant introduced evidence that one Liebman, an officer of the plaintiff, asked the defendant to sign the guaranty only as an accommodation to the plaintiff and as a personal favor to him so that he could show it to a bank. This was denied by Liebman who testified that he told the defendant at the time the guaranty was signed that unless he (the defendant) signed the guaranty the plaintiff would not grant any further credit to the corporation.

The plaintiff presented the following requests for rulings: "1. On all that portion of the evidence dealing with consideration for the execution of the guaranty the finding must be for the plaintiff. 2. A guaranty under seal imports a consideration sufficient to support it as a binding agreement." The judge dealt with the first request as follows: "Denied. Immaterial. I find the defendant signed the guaranty only for the accommodation of the plaintiff." With respect to the second request the judge ruled: "Allowed as a general proposition of law." The sole question reported arises from the denial of the first request.

There was no error. We interpret the first request to mean that on the question of consideration in the execution of the guaranty the plaintiff was entitled to prevail. We fail to see how this request was material. Consideration was of no consequence since the guaranty was under seal. *Lodi* v. *Goyette*, 219 Mass. 72, 77. *Mayo* v. *Bloomberg*, 290 Mass. 168, 170. In allowing the second request the judge properly instructed himself with respect to the effect of the seal. The first request was therefore rightly denied as immaterial. The plaintiff seeks to challenge the finding that the guaranty was "signed . . . only for the accommodation of the plaintiff." But the denial of the first request does not raise that question. See *Bandera* v. *Donohue*, 326 Mass. 563, 564. That request directed the judge's attention only to the question of consideration and, as we have said, that was a matter of no materiality in the circumstances existing here. Even if, as we do not decide, the finding was wrong,

it would not vitiate the ruling. "A correct decision will be sustained even though the ground stated for it may be unsound." *Weidman* v. *Weidman*, 274 Mass. 118, 125.

*Order dismissing report affirmed.*