FRANCIS E. LOFTUS vs. RUTH M. LAUF.

Worcester.    September 22, 1952. — October 31, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

Contract, Building contract, Implied contract, Performance and breach.
    Pleading, Civil, Declaration.   Practice, Civil, Requests, rulings and
    instructions.

A declaration alleging that the "defendant . . . [was] indebted to the
    plaintiff for labor and materials . . . and cost plus fee . . . for work
    done and materials charged as a result of a written contract between
    the parties" for the remodeling of a building of the defendant was on
    a quantum meruit rather than on the written contract.   [376]
A finding that a building contractor, who had made a written contract
    for remodeling a building whereby he was to be reimbursed by the
    owner of the building for the cost of materials and labor "upon pres-
    entation of proper vouchers therefor" and was to be paid for his
    services a percentage of such cost, had not so deviated from the terms
    of the contract as to preclude his recovering from the owner on a
    quantum meruit was warranted where it appeared as to deviation
    merely that on three occasions he "submitted incorrect [payroll]
    statements" and that such deviation was not substantial.   [377]
A judge hearing an action without jury may properly refuse a requested
    ruling based on assumed facts which he does not find and is not re-
    quired to find.   [377]
A correct refusal of a requested ruling will be sustained regardless of the
    soundness of the ground on which the trial judge based the refusal.
    [378]

CONTRACT.   Writ in the Superior Court dated June 25,
1948.

The action was referred to an auditor without provision
that his findings should be final, and afterwards was heard
by Leary, J., without a jury solely on the auditor's report.

Don D. Swain, for the defendant.

Walter J. Griffin, for the plaintiff.

SPALDING, J.   The plaintiff's declaration alleged "that
the defendant is indebted to the plaintiff for labor and ma-
terials and taxes, insurance, and cost plus fee . . . for work

done and materials charged as a result of a written contract between the parties . . . ." The auditor to whom the case was referred found for the plaintiff in the sum of $5,020.63. Hearing the case solely on the auditor's report, the judge adopted the auditor's findings and ordered judgment for the plaintiff. The defendant brings the case here on exceptions to the denial of certain requests for rulings.

Findings material to the issues here presented are these. On December 15, 1947, the plaintiff and the defendant entered into a written contract under which the plaintiff agreed to remodel a building owned by the defendant. The defendant was to reimburse the plaintiff for all materials used and for wages paid his employees "upon presentation of proper vouchers therefor." As compensation for his services the plaintiff was to receive "10% of the cost of materials and labor . . . ." The plaintiff commenced work on December 18, 1947, and continued until April 5, 1948, at which time the defendant caused the locks on the building to be changed. As a result the plaintiff was unable to do any work on the premises thereafter.

The sum to which the auditor found the plaintiff was entitled was computed by adding 10% to the amounts charged for labor and materials and other charges not here material and deducting therefrom sums already paid by the defendant and certain additional credits. The major credit allowed by the auditor, and the only one material here, was for charges made by the plaintiff for labor which were in excess of payments actually made. The amounts of the overcharges are not in dispute. As to how they happened to be made, that is, whether innocently or otherwise, the findings shed no light. There is merely the general finding that the "plaintiff submitted incorrect statements" on three specified occasions.

The defendant presented eight requests for rulings, all of which were denied subject to the defendant's exceptions. We are here concerned with seven of them inasmuch as the exception to the fifth has been waived. The requests fall into two groups. The first group includes requests num-

bered 2, 3, 4, 6, and 7 which are set forth in the margin.[1]
These differ from the second group in that they are predi-
cated on the theory that the plaintiff has declared on a
written contract. The second group, comprising requests
numbered 1 and 8, although susceptible of being classed
with the first, can be considered on the basis that the plain-
tiff seeks recovery on a quantum meruit and we shall deal
with them on that basis for reasons that will presently appear.

The exceptions to the denial of the requests included in
the first group must be overruled. Despite the defendant's
contention to the contrary, we are of opinion that the decla-
ration is on a quantum meruit rather than on a written con-
tract. It fell far short of the requirements prescribed for a
pleading of the latter type (see G. L. [Ter. Ed.] c. 231, § 7,
Eleventh) and, although leaving something to be desired
as a declaration on a quantum meruit, it seems to have
been framed on that theory. No question as to the insuffi-
ciency of the pleading was raised at the trial and it is appar-
ent that the auditor and the trial judge dealt with the case
on the basis of a quantum meruit. In view of this conclu-
sion the requests in the first group, which rest on the hy-
pothesis that the plaintiff sought recovery on a written
contract, were irrelevant and were rightly denied.

Request numbered 1 of the second group reads, "On all
the evidence the plaintiff is not entitled to recover." If a
finding for the plaintiff was permissible this request could
not have been granted. It is settled that in order for a
plaintiff to recover on a quantum meruit where there is an
underlying special contract, he must prove that he "sub-
stantially performed the contract and also that he attempted

---

[1] "2. The plaintiff is not entitled to recover for materials used by him in
connection with his work under the contract in issue except upon proper
vouchers showing payment thereof by the plaintiff. 3. The burden is on the
plaintiff to show that he has paid for all the material for which he seeks re-
imbursement from the defendant. 4. The plaintiff is not entitled to recover
$1,968.66 for Gerald Dowd for heating inasmuch as that amount has not
been paid by the plaintiff to said Dowd." "6. The plaintiff is not entitled
to recover any amounts not submitted on vouchers to the defendant prior to
the commencement of this action. 7. The burden is on the plaintiff to prove
that he submitted proper vouchers to the defendant prior to the commence-
ment of this action."

in good faith fully to perform . . . [it]. An intentional departure from the terms of the contract without justification or excuse in matters other than those . . . regarded as falling within the rule of de minimis will bar all recovery for materials supplied and work performed which were required for the performance of the contract." *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 233, and cases cited. We are of opinion that a finding for the plaintiff was warranted. The sole deviation by the plaintiff from the terms of the contract was the submission of incorrect payroll statements. The auditor could have found, and apparently did find, that this deviation was not substantial. The finding, without more, that the plaintiff submitted incorrect statements does not imply that the deviation was intentional or dishonest, for the good faith of the plaintiff is presumed in the absence of evidence to the contrary. *Korsun* v. *McManus*, 318 Mass. 642, 645. The general finding of the trial judge adopting the findings of the auditor indicates that he drew the inference from the report that the submission of the erroneous payroll statements was not a deliberate violation of the contract. Where "the fact-finding tribunal, whether judge or jury, may draw either of two contrary inferences from the auditor's report, the finding of that tribunal, made by way of inference, is as completely final as though based upon evidence outside the report. It cannot be reviewed by this court, even though the whole basis for inference is contained in the record before us." *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 568. The exception to the denial of the first request must be overruled.

The defendant's eighth request was, "The plaintiff having submitted false and dishonest statements to the defendant relative to payroll charges under the contract in issue is not entitled to recover in this action." It was rightly denied, for it assumed the existence of facts which the judge neither found nor was obliged to find. *Liberatore* v. *Framingham*, 315 Mass. 538, 543. *Laskey* v. *Railway Express Agency, Inc.* 326 Mass. 339, 342.

In dealing with the requests discussed above we have not deemed it necessary to determine whether or not the reasons given by the judge for his rulings were sound. Correct rulings will be sustained even though the grounds stated in support of them may be unsound. *Weidman* v. *Weidman*, 274 Mass. 118, 125. *Chem-Lac Products, Inc.* v. *Gerome*, 327 Mass. 394, 395–396.

*Exceptions overruled.*