ALFRED A. FAIN & others *vs.* FITZHENRY-GUPTILL
COMPANY.

Suffolk.   October 3, 1956. — November 16, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS,
& WHITTEMORE, JJ.

*Contract,* For machining, Performance and breach.

A finding for the plaintiff was warranted in an action for machining steel castings for the defendant where, although it appeared that a plan accompanying an order from the defendant to the plaintiff to "machine" the castings referred to grinding and heat treating them as well as to machining them and the plaintiff did not grind nor heat treat them, it was found that the plaintiff did not undertake all the work shown on the plan but merely the machining shown thereon, and that he performed his undertaking.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 1, 1953.

Upon removal to the Superior Court the action was heard by *Kirk*, J., without jury.

*George Broomfield*, for the defendant.

*Bernard P. Rome*, for the plaintiffs.

RONAN, J. This is an action of contract to recover for materials furnished and labor performed by the plaintiffs upon some steel castings sent by the defendant to the plaintiffs to have the work done as set forth in the third count of the declaration, and for one hundred seventeen valve seats manufactured by the plaintiffs for the defendant as set forth in the sixth count. All other counts have been waived. The plaintiffs had a finding on each count. The case is here upon exceptions to the general finding on each count and to the denial of requests for rulings.

The defendant was engaged in doing work for the Federal government. Some of the work it performed itself and parts of some it let out to others. The defendant on or about November 19, 1952, had a lot of castings or strappings upon which it secured the plaintiffs to do certain work requesting them to ". . . Machine 53 pcs. print B5–45–1936 . . . ." The order was accompanied by one or two plans giving directions and dimensions of certain changes to be made in the casting. In reply to the order the plaintiffs stated that "We will be responsible only for maching [*sic*] Part No. B5–45–1936 per print." It was agreed that fifty-two castings were received by the plaintiffs and machine work was done upon each of them. At about the same time, the defendant gave an order for one thousand five hundred twelve valve seats. The order for the valve seats was cancelled after only one hundred seventeen had been furnished.

The principal controversy arises over the castings. A casting is a steel part of a pump, a decontamination unit produced for the army chemical corps. The defendant contended that the plaintiffs were required by the order together with the plans to grind and heat treat the castings. The plaintiffs contend that neither grinding nor heat treat-

ing was included in their contract with the defendant, that each is a process different from machining, and that they did all they were required to do under their contract with the defendant. It is admitted that the castings were neither ground nor heat treated. One or both plans accompanying the order for work on the castings referred to grinding and to heat treating and also to machining. The plaintiffs needed the plans to do the machining even though their undertaking did not embrace all the operations shown on them.

The castings were delivered to the defendant by December 6, 1952. It was not until December 29, 1952, that the defendant replied. That reply was concerning the price, although it was obvious from the castings upon delivery that they had not been ground. The first complaint as to the quality of the castings was made on February 5, 1953, that they did not conform to the government specifications. A request to inform the plaintiffs how they differed was never answered.

At the close of the evidence the judge stated that he could infer from the methods the parties adopted in doing business and in the use of the plans that the defendant could say to the plaintiffs that "you will do so much of this and we will pay you for it." The judge subsequently found that the plaintiffs did not promise to do all of the work set forth in the government plans but did undertake to do the machining shown thereon and as alleged in count 3 and found that they performed that undertaking.

The defendant excepted to the denial of requests numbered 1, 2, 3, 5, and 6.[1] The first request was properly denied. *Anapolle* v. *Carver*, 327 Mass. 344, 346. *Loftus* v.

---

[1] "1. The evidence is insufficient to warrant the court to find for the plaintiff on count 3 of the declaration. 2. That if the plaintiff intentionally failed to do the work called for in accordance with the government plans submitted with the order it is not entitled to recover on a quantum meruit. 3. If the plaintiff did not perform the work and labor called for by the plans given with the order for the work by the defendant, the plaintiff cannot recover under count 3 of the declaration. . . . 5. The evidence is insufficient to warrant the court to find for the plaintiff on count 6 of the declaration. 6. The evidence is insufficient to warrant the court to find that the amount charged by the plaintiff on count 3 of the declaration is a fair and reasonable charge."

*Lauf*, 329 Mass. 374, 376. A judge is not required to give requests like the second and third when he does not find the facts upon which the requests are assumed. *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692, 700. The judge found that the plaintiffs had not undertaken to perform all the work called for by plans which accompanied the order. *Chem-Lac Products, Inc.* v. *Gerome*, 327 Mass. 394, 395. *Marshall* v. *Francis*, 332 Mass. 282, 289. There was no error in the denial of the fifth request. *Loftus* v. *Lauf*, 329 Mass. 374, 376. The judge found for the plaintiffs for the full amounts claimed for the castings and the valve seats. It is the duty of a judge sitting without a jury to find the facts, apply the law, and decide the case. The correctness of a general finding generally cannot be raised by an exception. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143–144. *Langdoc* v. *Gevaert Co. of America, Inc.* 315 Mass. 8. *Moskow* v. *Smith*, 318 Mass. 76, 78. *Robinson* v. *Trustees of the New York, New Haven & Hartford Railroad*, 318 Mass. 121, 133–134. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.* 332 Mass. 383.

*Exceptions overruled.*