*Municipal Court of the City of Boston*

No. 455803

SHAW GLASS COMPANY, INC.

v.

GEORGE KARAFOTIAS, ET AL

(October 4 — December 4, 1957)

*Present:* GILLEN, J. (PRESIDING) LEWITON AND ROBERTS, JJ.

*Roberts, J.* This is a petition to establish an amended draft report which the trial court disallowed.

G. L. (Ter. Ed.) c. 231, §108.

The plaintiff brought an action in contract alleging that the defendants owed the plaintiff $775.00, for work, labor and material. The action was upon an account annexed in which the plaintiff set forth under Exhibit "A", item 1, that the money was due "per contract dated January 10, 1957". "Store front, Centre Street, West Roxbury, $2,175." Item 2 set forth a credit for a payment on January 25, 1957, and item 3 alleged a balance due in the sum declared upon. The defendant filed a denial and set up a claim of recoupment alleging failure to comply with the contract between the parties. There was a finding for the plaintiff in the sum of $775.00.

*At the trial* the defendants (petitioners) presented several requests for rulings which were presumably denied and which the petitioners say formed the basis for a claim for report and a draft report filed by them with the clerk. This draft report together with previous draft report were not set forth in this petition and have been waived by both before the trial judge and in argument before this division and is therefore not at issue in this hearing. Thereafter, the petitioners after hearing filed with the clerk an amended draft report which was disallowed by the trial justice who filed the following Certificate of Disallowance:

"This report is disallowed. It has not been drafted in accordance with the revision suggested

by the Court at a hearing of the parties on the draft report.

It is disallowed for the further reason that it does not set forth the evidence pertinent to the issues raised by the requests for rulings filed by the defendant at the close of the evidence and by the Court's action on said requests.

It is disallowed for the further reason that the recital in said report is fragmentary and incomprehensible, and fails to present any issue of law for the consideration of the Appellate Division.

(s)   Elijah Adlow"

Chief Justice

As the petition stands, the petitioners have based their appeal on a draft report which raises solely an objection to the admission of evidence offered at the trial. Under these circumstances, it is necessary that the party objecting to the admission of evidence shall make a "claim for a report at the time of the ruling" on its admission in addition to reducing his claim for report to writing in a summary manner and filing such report with the clerk within two days. Failure to take the prescribed steps is fatal to the right of a party to perfect an appeal to this division. G. L. c. 231, §108; *Mass. Building Finishing Co. v. Brenner*, 288 Mass. 481, 484.

The fundamental weakness in the petition lies in the fact that the petitioners failed to claim a report at the time of the admission of the evidence objected to. This is a requirement which was substantial and could not be waived or changed by the parties or the trial judge. *Murphy v. Barry*, 295 Mass. 94, 97.

Notwithstanding the failure of the petitioners to perfect this appeal, there is no merit in the petitioners' objection to the admission of the evidence in question. The declaration is on an account annexed and the plaintiff was entitled to recover for money

due on a special contract which had been fully performed. *Egan v. Mass. Bonding & Ins. Co.*, 266 Mass. 270, 273. Under these circumstances it was open for the plaintiff to establish the contract, show performance and prove the balance due him under its terms. *Loftus v. Lauf*, 329 Mass. 374.

On the pleadings and the record the petitioners cannot contend now that the plaintiff proceeded with trial on any other theory. *Nigro v. Plymouth Electronics Corp.*, 336 Mass. 760.

Without considering other elements raised by the trial court's disallowance of the petitioners' amended report, we are of the opinion that the amended report should have been disallowed for the reason that the petitioners presented no issue of law for consideration by this division. *The Haines Corp. v. Winthrop Square Cafe, Inc.*, 335 Mass. 152.

■ It could properly have been disallowed "on the ground that defendants had not shown themselves to be entitled to a report". *Stafford v. Commonwealth Co.*, 263 Mass. 240, 242.

*Petition denied.*

Joseph M. Cohen, for the Petitioner.
Louis A. Zonderman (Zonderman & Glanz for the Respondent.