*Southern District*

**ROBERT T. LANTZ**
v.
**RUSSELL E. CHANDLER**
**AND**
**PATRICIA L. CHANDLER**

*Present:* Nash, P. J. and Callan, J.

Case tried to *Welch, J.,* in the Third District Court of Plymouth. No. 12,432.

*Callan, J.* In this action of contract the plaintiff seeks to recover damages under three counts. Count 1 is an account annexed, based on a written contract and is as follows:

"A"

| | |
|---|---|
| Agreed purchase price for building house | $7712.50 |
| Paid by bank checks | 4627.50 |
| Balance due | $3085.00 |

Less credit for 150 hours labor
   by Russell E. Chandler
   at $1.50 per hour          225.00

Balance due            $2860.00
Extras as listed below     779.96

Total due            $3639.96

Count 2 is for the balance due under the same contract, exclusive of any extras and Count 3 is in *quantum meruit* for the extras.

The defendants answered by way of a general denial, that the contract has never been completed and that the plaintiff cannot recover for the extras because of his failure to follow the method provided in the contract for the same. The defendants also declared in set-off for labor and materials furnished and in recoupment for breach of contract.

*The evidence tended to show that* the plaintiff and defendants entered into a written building contract whereby the plaintiff was to build a house for the defendants in accordance with certain plans and specifications, which was later modified to the extent that the price was reduced from $8892.60 to $7712.50 in consideration of certain work to be done by one of the defendants.

The plaintiff started work in July of 1957 and continued on the same until late in November, 1957 up to which time he had received three payments of $1542.50 each. At the time he stopped work four items as called for by the plans and specifications re-

mained to be done. On the work he had finished there were thirteen instances of a variance and deviation from the contract, plans and specifications and the work actually finished, which could only be corrected at substantial cost. This was not refuted or disputed by the plaintiff or his witnesses. There was evidence that as to the variation in the foundation, the plaintiff was told by the defendant, Russell E. Chandler, to do the best he could about it.

The defendants filed the following requests for rulings, all of which were denied and are as follows:

1. If the Court should find as a fact that the plaintiff intentionally departed from the terms of the contract, he is precluded from recovering.

2. If the Court finds as a fact that one side of the building is approximately one foot smaller than called for by the plans and specifications, then, as a matter of law, there was an intentional deviation from the terms of the contract.

3. Deviation from an expressed contract prevents recovery.

4. In order for the building contractor to recover for substantial performance he must prove that the deviations were immaterial or justified or excused.

5. In the absence of special exculpating circumstances, an intentional departure from the precise requirements of the contract is not consistent with good faith in the endeavor fully to perform it, and unless such departure is so trifling as to fall within the rule de minimis it bars all recovery.

6. If the Court finds that the plaintiff abandoned the job before completion according to the specifications and contract then the Court must find for the defendant.

After taking a view of the house the judge found for the plaintiff on Count 1 in the amount of $1885.00 and on Count 2 for $383.65.

On the declaration in set-off there was a finding for the plaintiff in set-off (Chandler) in the amount of $594.43. Judgment was to be entered for the plaintiff, Lantz, in the sum of $1674.22 with costs. The judge made the following memorandum of findings of fact — "I find there was no intentional deviation from the terms of the contract."

The defendants claim to be aggrieved by the finding of the judge that there was no intentional deviation from the terms of the contract and by the denial of their requests for rulings.

Unless the contract in question was fully and completely performed by the plaintiff there could be no recovery by him on the contract alone. *Allen v. Burns,* 201 Mass. 74; *Bowen v. Kimball,* 203 Mass. 364; *Cutter v. Arlington Construction Co.,* 268 Mass. 88, 92; *Zarthar v. Saliba,* 282 Mass. 558, 561.

There was evidence of a deviation from the terms of the contract and the judge impliedly so found in view of his finding that there was no "intentional deviation." This was a question of fact to be determined by him on all the evidence as well as whether there was a substantial performance in good faith. While the defendants contend that the judge was not warranted in finding "no intentional deviation" on the part of the plaintiff because of the many deviations, we think

that this case is not unlike that of *Cormier v. Brock,* 212 Mass. 292, wherein the variations and omissions and inferiority of work were numerous, but the court held that it could not say as a matter of law that the finding that the contract had been substantially performed was not warranted. See also *Handy v. Bliss,* 204 Mass. 513 at 519, wherein Knowlton, J. stated:

"There may be omissions [and deviations] of that which could not afterwards be supplied exactly as called for by the contract without taking down the building to its foundation, and at the same time the omission [or deviation] may not effect the value of the building for use or otherwise, except so slightly as to be hardly appreciable. Not withstanding such omission, there might be a substantial performance of the contract."

The judge made no finding with reference to substantial performance but his general finding for the plaintiff imports the drawing of all inferences of which the evidence is susceptible and implies the findings necessary to support it. *Dillon v. Framingham,* 288 Mass. 511, 513; *Morello v. Levakus,* 293 Mass. 450, 453. If the plaintiff has attempted in good faith to perform his contract and has substantially performed it he may recover on a *quantum meruit. Bowen v. Kimball,* supra. In order for the plaintiff to recover on a *quantum meruit* where there is an underlying special contract, he must prove that he substantially performed the contract and also that he attempted in good faith to fully perform it. An intentional departure from the terms of the contract without justi-

fication or excuse in matters other than those regarded as falling within the rule of de minimis will bar all recovery for materials supplied and work performed which were required for the performance of the contract. *Russo v. Charles I. Hosmer, Inc.,* 312 Mass. 231, 233; *Loftus v. Lauf,* 329 Mass. 374.

Where, though a building contract is substantially completed, although there are variations so that the contractor could not recover under the strict letter of the contract, the contract price continues to measure liability for labor and materials reduced by the amount of damage suffered by the owner on account of the contractor's departure from strict performance. *Buttrick Lumber Co., v. Collins,* 202 Mass. 413. This follows the rule as laid down in *Hayward v. Leonard,* 7 Pick. 181, 186. See also *Norwood v. Lathrop,* 178 Mass. 208, 210; *Soares v. Weitzman,* 281 Mass. 407; *Nevins v. Ward,* 320 Mass. 70, 74.

The defendants also contend that the judge's findings under Counts 1 and 2 cannot be reconciled with the pleadings and are inconsistent. If this be so the proper remedy is a motion for a new trial or a motion to correct the inconsistency. *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150, 153. It is evident the plaintiff is not declaring on the written contract as modified. The requirements of G. L. c. 231, §7, Cl. 11 have not been met. See *Loftus v. Lauf,* supra. The first count is on an account annexed for a *quantum meruit* including extras furnished. This is permissible under the pleading statutes G. L.

c. 231, §7, Cl. 9, where there is an underlying special contract. *Norwood v. Lathrop,* 178 Mass. 208; See *Loftus v. Lauf,* supra.

Count 2 is the same as Count 1 without any claim for extras. Count 3 is in *quantum meruit,* solely for the extras.

The defendants' requests for rulings No. 1, 2, 4, 5 and 6 have, because of the judge's findings become immaterial. *Bresnick v. Heath,* 292 Mass. 293, 298; *Orcutt v. Sigouin,* 302 Mass. 373, 375; *Horton v. Tilton,* 325 Mass. 79, 80.

There was no error in denying request No. 3 as a matter of law as herebefore stated. We perceive no prejudicial errors and order the report dismissed. *So ordered.*

*Robert M. Briggs* of Plymouth, for the Plaintiff.
*Alton F. Lyon* of Rockland, for the Defendant.