JOSEPH F. GREELEY & another *vs.* ZONING BOARD OF APPEALS OF FRAMINGHAM & others.

Middlesex. March 10, 1966. — April 6, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* Board of appeals: appeal to board, jurisdiction of board. *Equity Pleading and Practice,* Bill, Zoning appeal.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals, a failure of the plaintiffs to conform to § 21 in that the copy of the decision attached to the bill was not certified by the municipal clerk was cured where a motion by the plaintiffs to substitute a certified copy was allowed within the twenty day period for bringing the suit and notice to the defendant board was given after such substitution. [550–551]

A "motion for immediate entry of final decree," filed by the plaintiffs in a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals and clearly raising the only issue pressed by the plaintiffs, whether the board had had jurisdiction to act, was sufficient to enable the judge to hear and decide that issue even though he stated that the motion would be treated as a "plea to jurisdiction." [551]

A zoning board of appeals had no jurisdiction of a purported appeal to it under G. L. c. 40A, § 13, in 1965 where the notice of appeal was not filed with the municipal clerk within the thirty days allowed by § 16, even though the notice of appeal was delivered to the counsel for the board within the thirty days and a signed copy was filed with the municipal clerk after the expiration thereof. [551–552]

BILL IN EQUITY filed in the Superior Court on April 13, 1965.

The suit was heard by *Taveira,* J.

*Louis J. Ferrari* for the interveners Edward W. Deschamps & others.

*Edward Wolper* for the plaintiffs (*Joseph H. Lewis,* Town Counsel, for the Inspector of Buildings of Framingham, with him).

SPIEGEL, J. This is a bill in equity under G. L. c. 40A, § 21, to annul the decision of the zoning board of appeals of Framingham (board) rescinding a building permit issued to the plaintiffs. Several individuals owning properties near the premises in question intervened. The plaintiffs filed a "Motion for Immediate Entry of Final Decree for Lack of Jurisdiction of Zoning Board of Appeals." The

trial judge made "Findings, Rulings and Order for Decree on Plea of Petitioners." The interveners appeal from a final decree which stated in pertinent part "That the decision of the Board of Appeals rescinding the issuance of the building permit on January 28, 1965 was not within the jurisdiction of the Board of Appeals of Framingham and is hereby annulled." The evidence is reported.

The facts do not appear to be in dispute. On January 28, 1965, the building inspector of the town of Framingham issued a permit to build a foundation for a composting plant on property owned by the plaintiff Greeley. The interveners made a purported appeal under G. L. c. 40A, § 13, "by handing such appeal to Robert Belmonte, counsel for the Framingham Zoning Board of Appeals on February 26, 1965." The board "caused publication to be made in the Framingham News on March 1 and March 8, 1965 giving notice that a hearing on this matter would be held at a certain room in the Town Hall of Framingham on March 15, 1965." On March 5, a signed copy of the appeal was filed with the town clerk by the interveners. On March 9, the building inspector received notice of the appeal from the town clerk. On March 15 the board held a hearing at which attorneys for the plaintiffs and the building inspector appeared specially "for the sole purpose of objecting to the jurisdiction of the . . . [b]oard." On March 31 the board filed with the town clerk its decision rescinding the building permit. On April 13, the plaintiffs brought this bill. On April 20, a judge of the Superior Court allowed the plaintiffs' motion to strike from the record the copy of the board's decision affixed to the plaintiffs' bill and to substitute "a true copy of the decision of the Zoning Board of Appeals, attested by the Town Clerk."

The interveners contend that the plaintiffs' bill is defective for failure to comply with G. L. c. 40A, § 21, which provides in part as follows: "There shall be attached to the bill a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed." However, such a certified copy was attached to the bill on a motion of the plaintiffs

within the twenty day period for filing the bill. Notice of the bill was given to the members of the board subsequent to the attachment of the certified copy. The requirement of certification appears to be designed to show of record that the copy of the board's decision was a true one and that the appeal from it was timely. This requirement has been satisfied.

The interveners also contend that the motion of the plaintiffs "for Immediate Entry of Final Decree" was "a motion to dismiss their own bill" and "could not have been treated as a demurrer." The trial judge stated that the motion would be treated as a "plea to jurisdiction." However, the issue before the court raised by the motion was clear: Whether the appeal by the interveners was taken within the period provided by the statute so that the zoning board had authority to act. Whether the trial judge was technically correct in treating the plaintiffs' motion as a plea does not affect the correctness of the result. "A correct decision will be sustained even though the ground stated for it may be unsound." *Weidman* v. *Weidman*, 274 Mass. 118, 125. *North Shore Corp.* v. *Selectmen of Topsfield*, 322 Mass. 413, 416. *Chem-Lac Prod. Inc.* v. *Gerome*, 327 Mass. 394, 396. *Loftus* v. *Lauf*, 329 Mass. 374, 378. *Weintraub* v. *L & F Realty Co. Inc.* 331 Mass. 711, 713. *Eastern Inv. & Dev. Corp.* v. *Franks*, 339 Mass. 280, 288. The case had been reached for trial, and the sole contention pressed by the plaintiffs was that the board was without jurisdiction. The judge acted properly in hearing evidence on the issue in question.

The plaintiffs contend that the board was without jurisdiction because the appeal was not taken within thirty days as provided under G. L. c. 40A, § 16, which reads as follows: "Any appeal under section thirteen shall be taken within thirty days from the date of the order or decision which is being appealed, by filing a notice of appeal, specifying the grounds thereof, with the city or town clerk, who shall forthwith transmit copies thereof to such officer or board whose order or decision is being appealed, and to the members of the board of appeals. Such officer or board

shall forthwith transmit to the board of appeals all documents and papers constituting the record of the case in which the appeal is taken."

The interveners assert that "strict compliance with the provisions of G. L. c. 40A, § 16, except for the time limitation, is not mandatory." They argue that since all the parties received notice of the appeal, the filing of an appeal with the board's counsel was an effective filing.

The procedure for obtaining review under § 16 is plain and unambiguous. "Any appeal under section thirteen shall be taken within thirty days . . . by filing a notice of appeal . . . *with the city or town clerk*" (emphasis supplied). The filing of an appeal with someone other than the official designated by the statute is not an effective filing and does not confer jurisdiction. See *Kravitz* v. *Director of the Div. of Employment Security,* 326 Mass. 419, 421–422; *Estey* v. *Director of the Div. of Employment Security,* 338 Mass. 797.

The parties agree that the appeal filed with the town clerk was not taken "within thirty days from the date of the order or decision which is being appealed." "[W]hen a remedy has been created by statute and the time within which it must be pursued is one of the prescribed conditions under which it can be availed of, the court has no jurisdiction to entertain proceedings for relief begun at a later time." *Cheney* v. *Dover,* 205 Mass. 501, 503. *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32. *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745. "Failure to take an appeal within the prescribed period from the granting or denial of a permit is a bar to a direct review of the action in respect of the permit. *Church* v. *Building Inspector of Natick,* 343 Mass. 266, 268–269. *Kolodny* v. *Board of Appeals of Brookline,* 346 Mass. 285. *Kolodny* v. *Building Commr. of Brookline,* 346 Mass. 289, 290–291." *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 520. "[T]heir only means for relief is a petition for writ of mandamus to enforce the zoning ordinance." *Gamer* v. *Zoning Bd. of Appeals of Newton,* 346 Mass. 648, 649.

*Decree affirmed.*