ELMER LANDERS & others *vs.* BOARD OF APPEALS OF FALMOUTH. & another. Nos. 89-P-1110 & 89-P-1122. October 24, 1991. *Zoning*, Board of appeals: decision. *Housing. Practice, Civil*, Zoning appeal.

When the defendant Falmouth board of appeals (board) granted the defendant Robert Pena's applications for a comprehensive (G. L. c. 40B, § 21) and a special (G. L. c. 40A, § 9) permit, the plaintiff abutters and neighbors brought complaints under G. L. c. 40A, § 17, alleging that the board had exceeded its authority in granting the permits. The complaints were consolidated for trial, after which a Superior Court judge made detailed findings in support of his conclusion that the board's decisions were not arbitrary, capricious, or otherwise tainted by error of law. Although the plaintiffs' notice of appeal is directed to the judgment in its entirety,

they confine their arguments before us to the comprehensive permit. They argue that the judge erroneously limited his review to whether the board's decision was supported by substantial evidence and that he was in error in concluding that the board had the authority under c. 40B, § 21, to grant a comprehensive permit to an individual and to waive local zoning requirements regulating commercial use of property. We affirm the judgment.

These permits concern an affordable housing development which is to be constructed on an L-shaped lot situated in a zone which permits business or commercial use. Eight two-story condominium apartment townhouses will be located on the back of the lot. These buildings will provide twenty-four housing units, eight of which will be sold at low or moderate cost. Pena's proposal includes the demolition of certain structures now on the property, the expansion of an existing restaurant, the construction of a building for commercial use, and the improvement of a preexisting nonconforming parking lot as well as landscape work.

1. *Review under c. 40A, § 17.* Based upon the judge's statements in his memorandum of decision, that the board's decisions were supported by substantial evidence, and his reference to *Board of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. 651, 657 (1982), the plaintiffs claim that so much deference was given to the board's findings that they were denied a true de novo hearing. See *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 371 (1973). This argument is not supported by the record, which shows that the judge stated that the question before him was whether the board had exceeded its authority in granting the permits. He heard witnesses, sometimes questioning them himself, and he received exhibits. Notwithstanding any unfortunate phraseology, the judge correctly determined that, based upon the evidence presented to him, the board's decision had substantial bases in fact. See *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 295 (1972); *DiGiovanni* v. *Board of Appeals of Rockport*, 19 Mass. App. Ct. 339, 348 (1985); *Crittenton Hastings House of the Florence Crittenton League* v. *Board of Appeal of Boston*, 25 Mass. App. Ct. 704, 711-712 (1988).

2. *Eligibility under c. 40B, § 21.* As provided in § 21, a limited dividend or nonprofit organization can apply for a comprehensive permit. Because Pena was neither at the time of his application, the plaintiffs argue that he is not an eligible applicant for a comprehensive permit. At the time of the hearing before the board, the Massachusetts Housing Finance Agency (MHFA) had determined Pena to be an eligible applicant under 760 Code Mass. Regs. § 30.02(f) (1986) with an agreement for financing from the Homeownership Opportunity Program of the Massachusetts Housing Partnership. That agreement provides for mortgages at below market interest rates for first-time homebuyers and even lower rates for "eligible moderate income purchasers." Moreover, as a condition to the granting of the permit, the board has required that Pena "file Articles of Organization under G. L. c. 156B to establish a corporation." An argu-

ment similar to the plaintiffs' was rejected in *Board of Appeals of May-nard* v. *Housing Appeals Comm.*, 370 Mass. 64, 67 (1976). Further, their contention that Pena's anticipated return on equity exceeds the limit set by the MHFA is based upon either a misreading or misunderstanding of the testimony of that agency's associate director.

3. *The commercial use.* There is no dispute between the parties that a comprehensive permit cannot authorize a commercial use, and the judge so stated in his memorandum of decision. But what the judge also pointed out and what the plaintiffs do not dispute is the fact that Pena's proposed development will be located in a zone where commercial use of property is permitted under the zoning by-law. The comprehensive permit does not purport to authorize a commercial use. References in the board's decision to the commercial use of the property are made by way of description of the entire project under consideration by the board (see *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. at 367) and not by way of authorization.

4. *Pena's cross appeal.* The judge correctly annulled, in part, the special permit. The zoning relief afforded to Pena by that part of the permit which was annulled was also granted under the comprehensive permit. In his brief before us, Pena concedes that, if the judgment is affirmed as to the comprehensive permit, his appeal becomes unnecessary. We need not, therefore, consider his argument.

*Judgment affirmed.*

*William C. Henchy* for the plaintiffs.
*Charles M. Sabatt* for Robert Pena.