WILLIAM TAYLOR & others[1] *vs.* BOARD OF APPEALS OF
LEXINGTON & others.[2]

No. 06-P-255.

Middlesex. October 20, 2006. - March 27, 2007.

Present: LENK, BERRY, & MILLS, JJ.

Further appellate review granted, 449 Mass. 1101 (2007).

*Zoning,* Comprehensive permit, Housing appeals committee, Appeal. *Housing.*

Discussion of the statutory scheme governing applications for comprehensive
    permits pursuant to the Low and Moderate Income Housing Act, G. L.
    c. 40B, and the two separate appeal mechanisms contained therein. [504-506]
In a civil action by abutters to a certain housing project challenging the grant by
    a town zoning board of appeals (board) of a comprehensive permit to the
    developers, the judge erred in granting summary judgment in favor of the
    developers, where the action of the Housing Appeals Committee (HAC), in
    an administrative appeal by the developers of the conditions set by the board
    when issuing the permit, of modifying the comprehensive permit (which ac-
    tion was subject to judicial review in Superior Court pursuant to G. L.
    c. 30A) did not render the abutters' action moot, where the Legislature
    established a separate appeal mechanism for persons aggrieved pursuant to
    G. L. c. 40B, § 20-21, and where administrative appeals to the HAC are
    significantly different from zoning appeals to courts under G. L. c. 40B,
    § 17, in that the HAC need not follow the rules of evidence observed by the
    courts, intervention in HAC appeals by parties such as the abutters are at the
    discretion of the presiding officer, and the HAC's review in such appeals is
    limited to a determination whether the conditions imposed by the board
    render the proposed development uneconomic and whether those conditions
    are consistent with local needs. [509-515]

CIVIL ACTION commenced in the Superior Court Department on
February 24, 2003.

The case was heard by *Christopher J. Muse,* J., on a motion
for summary judgment.

*Jonathan D. Witten (Barbara Huggins* with him) for the
plaintiffs.

*David S. Weiss (Michael S. Rabieh* with him) for Rising Tide
Development, LLC, & another.

[1]Anthony Galaitsis and Philip Fischer. The additional plaintiffs in the
original action have not appealed.

[2]Rising Tide Development, LLC, and RTD Greenhouse, LLC.

MILLS, J. The board of appeals of Lexington (board) granted a comprehensive permit to the defendants Rising Tide Development, LLC, and RTD Greenhouse, LLC (developers). The plaintiffs (abutters) appealed that decision to Superior Court pursuant to G. L. c. 40B, § 21 (abutters' appeal). The developers appealed the same decision to the Housing Appeals Committee (HAC), G. L. c. 40B, § 22 (HAC appeal). After the HAC acted on the developers' appeal, the abutters appealed that HAC decision to Superior Court pursuant to G. L. c. 40B, § 22, and G. L. c. 30A, § 14. After the judge granted the developers' motion for summary judgment in the abutters' appeal, the abutters appealed to this court. This case requires us to construe the relationship between the abutters' and the developers' separate rights when each appeals the same decision of the local board pursuant to G. L. c. 40B, § 21, and G. L. c. 40B, § 22, of the Low and Moderate Income Housing Act (Act),[3] respectively.

*Comprehensive permitting.* The general statutory scheme governing applications for comprehensive permits pursuant to the Act is described by the Supreme Judicial Court in *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 345-346 (1973). See *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apts. Ltd. Partnership*, 436 Mass. 811, 814-816 (2002). Accordingly, we set forth the relevant portions of the Act only briefly.

In an effort to provide a streamlined process for the issuance of permits required to construct affordable housing and to avoid the lengthy delays that sometimes pervade the permitting process, see *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 117 (1982), G. L. c. 40B, §§ 20-23, allows "qualified builder[s] wishing to build low or moderate income housing [to] file with a local board of appeals an application for a comprehensive permit instead of filing separate applications with each local agency having jurisdiction over the project." *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. 651, 656 (1982).

If the local zoning board approves the application, but does so with conditions that a developer alleges render the project uneconomic, or if the board denies the permit in its entirety,

---

[3]Given its purpose, the Act is sometimes referred to as the anti-snob zoning act. See, e.g., *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apts. Ltd. Partnership*, 436 Mass. 811, 814 (2002).

G. L. c. 40B, § 22, provides that developer with a right of appeal to the HAC.[4] See *Board of Appeals of Hanover* v. *Housing Appeals Comm., supra* at 345. When, as here, a developer appeals the issuance of a permit with conditions, the HAC's review is limited to determining "whether such conditions and requirements make the construction or operation of such housing uneconomic and whether they are consistent with local needs." G. L. c. 40B, § 23. At its discretion, the HAC "may allow any person showing that he or she may be substantially and specifically affected by the proceedings to intervene as a party in the whole or in any portion of the proceedings." 760 Code Mass. Regs. § 30.04(2) (2004). If the HAC concludes that a board's conditions to approval render the project uneconomic and inconsistent with local needs, "it shall order such board to modify or remove any such condition or requirement so as to make the proposal no longer uneconomic and to issue any necessary permit or approval." G. L. c. 40B, § 23. The HAC decision may be reviewed in Superior Court in accordance with G. L. c. 30A. G. L. c. 40B, § 22.

In contrast, an abutter or other party aggrieved by the issuance of a comprehensive permit or approval may appeal to a court pursuant to the zoning appeal procedures provided for in G. L. c. 40A, § 17[5,6] (§ 17 appeal) rather than to an administra-

---

[4]The HAC, located within the department of housing and community development, was created for the specific purpose of hearing "petitions for review filed under section twenty-two of chapter forty B." G. L. c. 23B, § 5A.

[5]General Laws c. 40B, § 21, as amended by St. 1975, c. 808, § 4B, provides in pertinent part:

> "Any person aggrieved by the issuance of a comprehensive permit or approval may appeal to the court as provided in section seventeen of chapter forty A."

The relevant portion of G. L. c. 40A, § 17, as amended by St. 2002, c. 393, § 2, states:

> "Any person aggrieved by a decision of the board of appeals . . . or by the failure of the board . . . to take final action concerning any . . . application . . . within the required time . . . may appeal to the land court department, the superior court department in which the land concerned is situated or [to the housing court department in certain regions], or to the division of the district court department within whose jurisdiction the land is situated . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk."

[6]Pursuant to St. 2006, c. 205, "an act relative to streamlining and expedit-

tive agency. G. L. c. 40B, § 21. The § 17 appeal contains abbreviated notice provisions in order "[t]o avoid delay," and the court is required to hear, without jury, "all evidence pertinent to the authority of the board" and to "determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board . . . or make such other decree as justice and equity may require." G. L. c. 40A, § 17. The statute provides that "the parties shall have all rights of appeal and exception as in other equity cases." *Ibid.* Finally, the statute provides that "[a]ll issues in any proceeding under [§ 17] shall have precedence over all other civil actions and proceedings." *Ibid.*

The Act, therefore, creates two separate appeal mechanisms, and the relevant mechanism to be employed in a given situation is dependent upon the identity of the appealing party. For aggrieved parties such as the abutters here, a right of appeal is provided to the courts. Permit applicants, by contrast, must appeal to a specialized administrative tribunal, the HAC. This case requires us to consider how these two distinct avenues of appeal interact when, as here, both the abutters and the developers timely exercise their statutory rights to appeal, and both parties challenge the same action of the board.

*Background facts and proceedings.* Given their relevance to our disposition, the factual background and procedural history of the dispute must be set forth in some detail. On January 31, 2002, the developers applied to the board for a comprehensive permit to construct forty-eight units of residential housing (project) on land located at 536-540 Lowell Street in Lexington. The permit application was filed pursuant to G. L. c. 40B, §§ 20-23.[7] Public hearing commenced on March 14, 2002, and continued through December 12, 2002. On or about July 31, 2002, the developers submitted a revised application, reducing the number of proposed units from forty-eight to thirty-six.

On January 23, 2003, the board issued a comprehensive

---

ing the permitting process in the Commonwealth," a new permit session of the Land Court Department has concurrent jurisdiction with the Superior Court over, inter alia, "appeals of . . . permits, orders, certificates or approvals, or denials thereof, arising under or based on or relating to . . . chapters 30A [and] 40A to 40C, inclusive . . . ." *Id.* § 15.

[7]There is no claim of improper or insufficient procedure before the board. See G. L. c. 40A, § 11; G. L. c. 40B, § 21.

permit with conditions, including a reduction in the number of units from thirty-six to twenty-eight, and a mandate that eight of those twenty-eight units be designated for persons with low or moderate incomes as determined by Massachusetts Housing Finance Agency (MHFA) guidelines.[8] The developers appealed to the HAC pursuant to G. L. c. 40B, § 22, while the abutters appealed that same decision to Superior Court pursuant to G. L. c. 40B, § 21. On March 31, 2003, a Superior Court judge granted the parties' assented-to motion to stay the abutters' appeal pending disposition of the HAC appeal.

Meanwhile on March 19, 2003, the abutters moved to intervene in the HAC appeal. Although their motion was not ruled upon until the HAC issued its decision on June 14, 2005, the abutters, through counsel, were permitted to participate in the HAC proceedings as amici.[9] The HAC conducted nine days of de novo evidentiary hearings. Ultimately, the HAC approved the developers' comprehensive permit application to build thirty-six units, designating nine as affordable, and striking some of the conditions imposed by the board. The abutters appealed the HAC decision pursuant to G. L. c. 40B, § 22, and G. L. c. 30A, § 14. That appeal is now pending in Superior Court.

After obtaining the aforesaid decision from the HAC, the developers filed a motion for summary judgment on October 19, 2005, seeking to dismiss the abutters' appeal. The developers asserted that the comprehensive permit originally issued by the board, which was the subject of the abutters' appeal, was no longer operative and had been extinguished and superseded by a different comprehensive permit bearing the modifications imposed by the HAC. The judge accepted this analysis and concluded that the HAC modification decision rendered the abutters' appeal moot, and that the abutters' only available

---

[8]General Laws c. 40B, § 20, defines "[l]ow or moderate income housing" as "any housing subsidized by the federal or state government under any program to assist the construction of low or moderate income housing as defined in the applicable federal or state statute, whether built or operated by any public agency or any nonprofit or limited dividend organization." MHFA is the project's subsidizing agency.

[9]In its decision, the HAC allowed the abutters' motion to intervene, but limited the abutters to addressing only the issue of density, less than the scope of G. L. c. 40B, § 21, grievances.

vehicle for redress was the administrative appeal pursuant to G. L. c. 30A, § 14. In support of the compression of both appeals into one c. 30A administrative appeal, the judge reasoned that "both 40A [the abutters] and 40B [the developers] appellants are treated equally with the same de novo standard of review," and that "once the HAC determines that the Board's decision is 'consistent with local needs' and 'not otherwise uneconomic,' its final decision is binding for both appeals under chapters 40A and 40B." The judge further reasoned that permitting the abutters' appeal to proceed could allow communities to engage in exclusionary zoning[10] practices that the Act was intended to prevent. Accordingly, the judge granted the developers' motion for summary judgment, dismissing the abutters' appeal. This appeal followed. We reverse.

On appeal, the abutters argue that the judge erred in allowing the developers' motion for summary judgment both because genuine issues of material fact are extant, and because it was error to conclude that their G. L. c. 40B, § 21, appeal to the Superior Court was mooted by the decision of the HAC.

*Summary judgment standard.* A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and responses to request for admission under [Mass.R.Civ.P. 36, 365 Mass. 795 (1974)], together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass.R.Civ.P. 56, 365 Mass. 824 (1974). The developers, as moving parties, have the burden of establishing "that there are no material issues of fact and that [it] is entitled to judgment as a matter of law." *Highlands Ins. Co.* v. *Aerovox, Inc.*, 424 Mass. 226, 232 (1997). On appeal, "[a]n

---

[10]The term "exclusionary zoning" refers to those practices that " 'prevented the construction of badly needed low and moderate income housing' in the Commonwealth." *Standerwick* v. *Zoning Bd. of Appeals of Andover,* 447 Mass. 20, 29 (2006), quoting from *Board of Appeals of Hanover* v. *Housing Appeals Comm.,* 363 Mass. at 354. A combination of zoning measures such as "minimum lot size requirements, green space zoning, minimum frontage and setback requirements . . . [and] building height limitations" may result in such exclusionary zoning. See *Board of Appeals of Hanover* v. *Housing Appeals Comm., supra* at 348.

order granting or denying summary judgment will be upheld if the trial judge ruled on undisputed material facts and his ruling was correct as a matter of law." *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 536 (1992). "All the grounds underlying the [developers'] motion are open for appellate review." *Gallant* v. *Worcester*, 383 Mass. 707, 709 (1981).

*Discussion.* The judge concluded that the entirety of the abutters' appeal was moot as matter of law, and thus he did not address their assertion of the existence of genuine issues of material fact. Given this basis for the court's allowance of the developers' motion, we must address the somewhat perplexing question of the interaction between an abutter's appeal filed directly in Superior Court and a developer's appeal filed initially with the HAC and then subject to further judicial review in Superior Court under G. L. c. 30A.

In the appeal before this court, the two sides advance different theories of how appellate rights are to be pursued when there are concurrent proceedings in Superior Court and before the HAC. The developers urge that the appropriate analysis is relatively simplistic, that is, when a modified comprehensive permit is issued by the HAC, a rather mechanical mootness analysis applies, i.e., the abutters' appeal directed at the original permit is per se mooted because there is in effect a "new" comprehensive permit, with different terms and conditions. In contrast, the abutters assert that there are more complex matters at hand that involve different standards of review, less fulsome rights of intervention and varying legal challenges available in one venue of appeal, but not in the other. The abutters contend that the procedural and jurisdictional distinctions between the two mechanisms for appeal, as well as the deferential standard of review applicable in G. L. c. 30A judicial review of the HAC "administrative" decision, make clear that participation in a HAC proceeding does not provide the procedural and substantive protections afforded an aggrieved abutter under a zoning appeal litigated in Superior Court pursuant to G. L. c. 40A, § 17.

We turn then to the differing rights of appellate review extant

under G. L. c. 40A, § 17, zoning appeals to the Superior Court (as provided for in G. L. c. 40B, § 21) and administrative appeals to the HAC followed by review in Superior Court as provided for in G. L. c. 40B, § 22, and G. L. c. 30A.

We begin with the point that the Act does indeed provide for two distinct avenues of appeal. While developers may challenge unfavorable zoning board decisions in the HAC, "persons aggrieved" may pursue relief only in the courts. See G. L. c. 40B, §§ 21-22; G. L. c. 40A, § 17. Both routes of appeal permit de novo review of the board's decision.[11] See, e.g., *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apts. Ltd. Partnership*, 436 Mass. at 815; *Landers* v. *Board of Appeals of Falmouth*, 31 Mass. App. Ct. 939, 940 (1991); *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. at 369-371. Given the explicit statutory provision of a right to judicial appeal and review for aggrieved parties, on the facts and circumstances of this case we determine as matter of law that judicial review for these abutters, provided explicitly by statute, is not per se mooted by the developers' expeditious appeal to the HAC and that body's determination that a revised comprehensive permit is to issue. Although not controlling, the fact that the extent of an abutter's participation in HAC proceedings differs in some respects from an appeal to the court, provides additional support for our ruling in this regard.

To hold (as the developers urge) that the abutters' appeal is automatically rendered moot by the HAC's modification of the original permit effectively renders a statutory enactment, the provision in G. L. c. 40B, § 21, of a right to appeal for persons

---

[11]By contrast, when a party appeals from a decision of the HAC pursuant to G. L. c. 30A, § 14, the administrative body's decision "must be upheld if it is supported by substantial evidence. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. at 657. See G. L. c. 30A, § 1(6). Given the deference to be paid to the agency's findings and rulings, this review is markedly different from the depth of review provided by a trial de novo. See *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, *supra* at 657. Thus, the G. L. c. 30A appeal of an abutter permitted to intervene in a HAC proceeding cannot be characterized as affording the abutter with judicial review equal to that afforded by G. L. c. 40B, § 21, and G. L. c. 40A, § 17.

aggrieved, a nullity. Application of the statute in this way constitutes a distinct departure from well settled rules of statutory construction. Indeed, "[a] basic tenet of statutory construction requires that a statute be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *Wolfe* v. *Gormally*, 440 Mass. 699, 704 (2004) (quotations omitted). See *Volin* v. *Board of Pub. Accountancy*, 422 Mass. 175, 179 (1996), quoting from *Adamowicz* v. *Ipswich*, 395 Mass. 757, 760 (1985) ("We do not 'interpret a statute so as to render it or any portion of it meaningless' "). Relatedly, it is clear that a court may not ignore a statute's plain words.[12] See, e.g., *Shabshelowitz* v. *Fall River Gas Co.*, 30 Mass. App. Ct. 769, 773-774 (1991), *S.C.*, 412 Mass. 259 (1992) ("We cannot ignore any provision of a statute when we are engaged in the interpretation of a legislative enactment"); *Hollum* v. *Contributory Retirement Appeal Bd.*, 53 Mass. App. Ct. 220, 225 (2001). With these principles in mind, we cannot disregard the Legislature's insistence that those parties constituting "persons aggrieved" pursuant to G. L. c. 40B, §§ 20-21, are entitled, literally, to their day in court.

Furthermore, the differences between zoning appeals to the courts under G. L. c. 40A, § 17, and administrative appeals to the HAC, followed by an appeal pursuant to G. L. c. 30A, are not insignificant.[13] We discuss three such differences for illustrative purposes here. First, "[t]he Committee, as provided in [G. L.] c. 30A, § 11, need not follow the rules of evidence

---

[12]This rule is related to the notion that we must construe the statute in its entirety, "[so] that no clause, sentence or word shall prove superfluous, void or insignificant, if, by any other construction they may all be made useful and pertinent." *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, supra at 364, quoting from *Commonwealth* v. *McCaughey*, 9 Gray 296, 297 (1857).

[13]While the Supreme Judicial Court has observed that "there are no substantial differences between the alternative methods of review," this statement was made in the limited context of assessing whether the two routes of appeal violate Federal and State equal protection guarantees. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, supra at 371. See *Mahoney* v. *Board of Appeals of Winchester*, 366 Mass. 228, 231-232 (1974). Further, this equal protection challenge "was premised upon the view that the hearing before the committee," unlike that in the court, was not de novo. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, supra at 371.

observed by the courts . . . ." 760 Code Mass. Regs. § 30.10 (2004).

Second, although parties such as the abutters here may be permitted to intervene in an HAC proceeding, intervention is allowed at the discretion of the presiding officer[14] and is not permitted when a proposed intervener's "interests are substantially similar to those of any party and no showing is made that one or more of the parties will not diligently represent those interests." 760 Code Mass. Regs. § 30.04(2).

Third, when a zoning board grants a comprehensive permit but attaches conditions thereto, the HAC's review is confined to a determination whether the conditions imposed by the zoning board render the proposed development uneconomic, and whether those conditions are consistent with local needs. G. L. c. 40B, § 23. See, e.g., *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 346. When permitted to intervene in HAC proceedings, aggrieved persons are thus limited to addressing only these two questions. Further, additional limitations on the scope of a party's intervention may be imposed by the presiding officer at her discretion. See 760 Code Mass. Regs. § 30.04(2).

By contrast, while the local need for affordable housing is certainly relevant in an appeal filed by an abutter or other aggrieved person under G. L. c. 40A, § 17 (as directed by G. L. c. 40B, § 21), no statutory or regulatory language limits such an appeal to the narrow questions whether conditions are uneconomic and inconsistent with local needs.[15]

Such distinctions between the G. L. c. 40B, § 21, and G. L. c. 40B, § 22, appeals, and most importantly the unambiguous

---

[14]The Supreme Judicial Court "has repeatedly recognized that agencies have broad discretion to grant or deny intervention." *Tofias* v. *Energy Facilities Siting Bd.*, 435 Mass. 340, 346 (2001).

[15]Indeed, while effectuation of the purposes of the Act requires that the term "persons aggrieved" as appearing in G. L. c. 40B be construed more narrowly than the identical term appearing in G. L. c. 40A, such individuals have standing to pursue G. L. c. 40B, § 21, appeals if they posit "a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest" that is protected by the statute pursuant to which the plaintiff claims he or she is aggrieved. See *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. at 27-29, quoting from *Harvard Sq. Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989).

statutory provision of the right of aggrieved persons to appeal to a judicial forum, mandate that the abutters' right to an appeal in Superior Court cannot be mooted here.

We are mindful of the developers' concern that allowing the abutters' appeal to proceed could, in some cases, impede the statutory purpose of creating affordable housing without undue delay. As the Supreme Judicial Court has stated, "the Legislature's intent in passing [the Act] was to provide relief from exclusionary zoning practices which prevented the construction of badly needed low and moderate income housing." *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 353-354. See, e.g., *Dennis Hous. Corp.* v. *Zoning Bd. of Appeals of Dennis*, 439 Mass. 71, 76 (2003). "In addition to streamlining the permitting process itself, the clear intent of the Legislature was to promote affordable housing by minimizing lengthy and expensive delays occasioned by court battles commenced by those seeking to exclude affordable housing from their own neighborhoods." *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. at 29. See *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. at 118 (noting "the legislative intent to effect an expedited procedure"). Yet, effectuation of the Act's purpose of providing affordable housing is not limitless. For example, "the interest in the provision of critically needed affordable housing must be balanced against the statutorily authorized interests in the protection of the safety and health of the town's residents, development of improved site and building design, and preservation of open space." *Standerwick* v. *Zoning Bd. of Appeals of Andover*, *supra* at 31. The abutters' statutorily authorized right to appeal must likewise be balanced against the Act's principle objective. Indeed, while crafting legislation primarily aimed at alleviating the Commonwealth's affordable housing crisis, see *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 349 (referencing Report of the Legislative Research Council relative to Restricting the Zoning Power to City and County Governments, 1968 Senate No. 1133), within the same statute the Legislature also provided both developers and aggrieved persons with the ability to appeal. See G. L. c. 40B, §§ 20-23.

There can be no doubt that the realization of both parties'

rights to appeal may result in additional time between a developer's application for a comprehensive permit and the ultimate creation of affordable housing when such a permit is granted. But, in a case such as this, where there is no indication that the abutters' claims are being pursued in bad faith or for dilatory purposes, their statutory right to appeal in a judicial tribunal cannot be eliminated by the HAC's order that a revised permit issue. We are also not disposed to accept the assertion that delay in such cases is inevitable, especially when the parties cooperate with the judge in the manner that is both suggested and required by the remand in this case.

Because the Act may be interpreted in a way that renders the provision of an aggrieved party's right to appeal ineffective only if it is impossible to provide "a construction that would lead to a logical and sensible result," see *Adamowicz* v. *Ipswich*, 395 Mass. at 760, quoting from *Lexington* v. *Bedford*, 378 Mass. 562, 570 (1979), and given that there has been no adequate showing of impossibility here, it was error for the court to conclude that the HAC decision mooted the abutters' right to appeal. The case is therefore remanded for further consideration in light of this opinion.[16]

We note that the HAC directed the board to issue an amended comprehensive permit, and that because the HAC's order was not acted upon by the board within thirty days, that order is now deemed the action of the board. See G. L. c. 40B, § 23. The developers assert that if the abutters pursue a judicial appeal of the board's grant of the original comprehensive permit now that the HAC has ordered modification of that permit, either the abutters' appeal or the HAC decision is rendered futile and could result in wasted judicial or administrative resources. However, because we hold that on the facts and circumstances of this case the abutters' right to judicial appeal is not destroyed by the developers' success in obtaining a modified permit in the HAC, the fact that the version of the permit

---

[16]Concluding that the abutters' right to appeal pursuant to G. L. c. 40B, § 21, was moot, the judge did not reach the abutters' assertion that the existence of genuine issues of material fact precludes entry of summary judgment for the developers. Accordingly, we decline to reach that contention here, and it remains properly before the court on remand.

emerging from the HAC is different from that originally issued by the board does not annihilate the abutters' appeal rights pursuant to G. L. c. 40B, § 21.

On remand, the parties may wish to assist the court by providing suggestions as to how both parties' rights to appeal may be effectuated meaningfully and without jeopardizing the important interests of creating affordable housing and furthering judicial efficiency. For example, the abutters suggest that they could amend the complaint in their G. L. c. 40B, § 21, appeal to reflect changes to the comprehensive permit as it emerged from the HAC, and that the Superior Court could stay that appeal pending disposition of their G. L. c. 30A, § 14, appeal of the HAC decision. Further consideration of this matter on remand might be greatly facilitated by the parties' participation in a conference pursuant to Mass.R.Civ.P. 16, 365 Mass. 764 (1974),[17] and a consolidation of the two Superior Court actions. We leave the creative problem solving to the parties, in the first instance, in the context of their cases. The summary judgment for the developers is vacated, and the matter is remanded to the Superior Court.

*So ordered.*

---

[17]In relevant part, rule 16 provides that: "In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider: (1) [t]he simplification of the issues . . . and (8) [s]uch other matters as may aid in the disposition of the action."