WILLIAM TAYLOR & others[1] *vs.* BOARD OF APPEALS OF
LEXINGTON & others.[2]

Middlesex. February 5, 2008. - April 24, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Practice, Civil,* Moot case. *Zoning,* Comprehensive permit, Low and moderate
income housing, Housing appeals committee, Appeal. *Housing.*

In a civil action challenging, pursuant to G. L. c. 40B, § 21, a decision of the
housing appeals committee (HAC) directing a local zoning board of ap-
peals (board) to issue a comprehensive permit for the construction of an
affordable housing project, a Superior Court judge properly granted sum-
mary judgment in favor of the defendant developers, where the HAC's
subsequent decision in an administrative appeal brought by the developers
— in which the HAC directed the board to issue an amended comprehensive
permit — rendered the instant action moot [274]; moreover, the plaintiff
abutters could have had any remaining concerns about the project ad-
dressed by timely seeking judicial review of the operative (amended)
comprehensive permit pursuant to G. L. c. 40A, § 17 [274-279].

CIVIL ACTION commenced in the Superior Court Department on
February 24, 2003.

The case was heard by *Christopher J. Muse,* J., on a motion
for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*David S. Weiss (Michael S. Rabieh* with him) for Rising Tide
Development, LLC, & another.

*Jonathan D. Witten (Barbara Huggins* with him) for the
plaintiffs.

*Theodore C. Regnante & Paul J. Haverty* for Citizens' Hous-
ing and Planning Association, amicus curiae, submitted a brief.

MARSHALL, C.J. When a local zoning board issues a compre-
hensive permit for the construction of low or moderate income

---

[1]Anthony Galaitsis and Philip Fischer.

[2]Rising Tide Development, LLC, and RTD Greenhouse, LLC.

housing, but imposes conditions or requirements that the developer believes make the building or operation of such housing uneconomic, G. L. c. 40B, § 22, authorizes the applicant to appeal to the housing appeals committee (HAC), and the HAC's decision is then subject to review by a judge in the Superior Court, as provided in G. L. c. 30A. At the same time, G. L. c. 40B, § 21, provides that "[a]ny person aggrieved by the issuance of a comprehensive permit or approval may appeal to the court as provided in" G. L. c. 40A, § 17. We consider in this case whether a decision of the HAC directing the issuance of an amended comprehensive permit renders moot a separate appeal commenced earlier pursuant to G. L. c. 40B, § 21. We conclude that the § 21 appeal in this case, challenging the comprehensive permit as originally issued by the local zoning board, is moot. However, where the HAC directs the issuance of an amended comprehensive permit, persons aggrieved are entitled to bring a timely challenge to that permit.[3]

Thirteen residents of the town of Lexington, alleging that they are abutters to the site of a proposed low or moderate income housing project, commenced this action in the Superior Court, seeking judicial review of the issuance in 2003, by the Lexington board of appeals (board), of a comprehensive permit for the project. G. L. c. 40B, § 21 (person aggrieved by issuance of comprehensive permit may appeal as provided in G. L. c. 40A, § 17). Because the board imposed conditions on the issuance of the permit that allegedly "[made] the building or operation of such housing uneconomic," the applicants for the comprehensive permit, Rising Tide Development, LLC, and RTD Greenhouse, LLC (developers), appealed from the decision to the HAC. G. L. c. 40B, § 22. In 2005, the HAC directed that an amended comprehensive permit be issued on terms more favorable to the developers. Arguing that the HAC's decision rendered the abutters' 2003 action moot, the developers moved for summary judgment. A judge in the Superior Court allowed the motion and dismissed the action. Three of the original thirteen abutters appealed from that judgment, and the Appeals Court reversed. *Taylor* v. *Board of Appeals of Lexington*, 68 Mass. App. Ct. 503

---

[3] We acknowledge the amicus brief of the Citizens' Housing and Planning Association.

(2007). We granted Rising Tide's application for further appellate review, and affirm the decision of the judge in the Superior Court.

1. *Background.* As described more fully by the Appeals Court, *id.* at 506-509, in January, 2002, the developers applied to the board for a comprehensive permit pursuant to G. L. c. 40B, §§ 20-23. They originally proposed to build forty-eight units of residential housing on certain land in Lexington, but in July, 2002, revised their application to propose thirty-six units. After a public hearing, in January, 2003, the board issued a comprehensive permit with conditions, including a reduction of the total number of units to twenty-eight, eight of which were to be designated as "affordable." The developers appealed from the board's decision to issue the 2003 comprehensive permit to the HAC pursuant to G. L. c. 40B, § 22. At approximately the same time, thirteen abutters appealed from the decision to the Superior Court, pursuant to G. L. c. 40B, § 21. On the parties' assented-to motion, a judge in the Superior Court stayed the abutters' § 21 appeal pending the outcome of the developers' § 22 appeal.[4]

In addition, the abutters moved to intervene in the developers' appeal to the HAC. The HAC did not immediately rule on the abutters' motion, but allowed them to participate in the proceedings as amici. After a de novo evidentiary hearing, in June, 2005, the HAC, after finding certain of the conditions rendered the project uneconomic and were not consistent with local needs, directed the board to issue an amended comprehensive permit for the construction of thirty-six units, nine of which would be designated as affordable. The HAC also struck some of the other conditions imposed by the board, the details of which are not material here. As to the abutters' motion to intervene, the HAC in the same decision allowed intervention only as to the

---

[4]The judge was wise to do so. The statutory scheme, authorizing separate appeals by the applicant and by other persons aggrieved, could result in conflicting decisions regarding the same comprehensive permit if both appeals proceed simultaneously. To mitigate this danger, we henceforth require that, once an applicant for a comprehensive permit appeals from a board's decision to the housing appeals committee (HAC) under G. L. c. 40B, § 22, any appeal pursuant to G. L. c. 40B, § 21, be automatically stayed pending the outcome of the appeal to the HAC. After the HAC's decision becomes final, it shall be the applicant's obligation either to move to dismiss as moot the § 21 appeal (if the HAC orders that a new comprehensive permit be issued) or to move to lift the stay (if the HAC upholds the local board's decision).

issue of housing density, on the ground that the abutters had legitimate and substantial concerns about how the proposed buildings would affect their properties, aesthetically and otherwise. The abutters had also moved to intervene on the "jurisdictional" questions whether the developer qualified as a "limited dividend organization" under G. L. c. 40B, § 21, whether the board properly accepted a project eligibility letter issued by the Massachusetts Housing Finance Agency, whether the board failed to examine the project's finances, and whether there was adequate proof of a regional need for low or moderate income housing.[5] As to these issues, the HAC denied the abutters' motion to intervene on the ground that they were not of any specific concern to the abutters.[6] Four of the abutters, three of whom are plaintiffs here, appealed from the HAC's 2005 decision to the Superior Court. G. L. c. 40B, § 22 (authorizing review of HAC decision pursuant to G. L. c. 30A). A judge in the Superior Court upheld the HAC's decision, and we affirmed the judgment. *Taylor* v. *Housing Appeals Comm., ante* 149 (2008).

After the HAC issued its decision, the developers moved for summary judgment in this case, which concerns the 2003 comprehensive permit originally issued by the board on the ground that the action had become moot. They argued that, due to the HAC's decision in 2005, the 2003 comprehensive permit originally issued by the board was no longer the operative permit

---

[5]We have stated that what the Department of Housing and Community Development "denominates as a 'jurisdictional requirement' is more properly viewed as a substantive aspect of the successful applicant's prima facie case for entitlement to a particular government benefit, in this case, a comprehensive permit." *Middleborough* v. *Housing Appeals Comm.*, 449 Mass. 514, 520-521 (2007) (rejecting town's argument that fundability issue is "jurisdictional" and "unwaivable").

[6]In the HAC proceedings, the board stipulated that the developer had met the "jurisdictional" requirements found in 760 Code Mass. Regs. § 31.01(1) (2004), namely, that the developer is a public agency, nonprofit organization, or limited dividend organization; that the project is fundable by a subsidizing agency under a low or moderate income housing subsidy program; and that the applicant controls the site. The board also stipulated that, at the time of its decision, Lexington had not yet met the statutory ten per cent threshold of low or moderate income housing, G. L. c. 40B, § 20, although it did eventually meet that threshold by the time the HAC issued its decision. We addressed the question when to measure compliance with the statutory threshold in *Taylor* v. *Housing Appeals Comm., ante* 149, 155 (2008).

for the project. They also asserted that the abutters' objections to the comprehensive permit could be addressed in an appeal from the HAC decision. A judge in the Superior Court allowed the motion, reasoning that "the HAC's determination as to the regional planning issues under [G. L. c.] 40B . . . trumps any zoning appeals under [G. L. c.] 40A." As explained below, we agree that this case is moot. However, we do not agree that the HAC appeal disposed of all issues pertinent to this affordable housing project.

2. *Discussion.* "Litigation ordinarily is considered moot when the party claiming to be aggrieved ceases to have a personal stake in its outcome." *Attorney Gen.* v. *Commissioner of Ins.,* 442 Mass. 793, 810 (2004), quoting *Acting Superintendent of Bournewood Hosp.* v. *Baker,* 431 Mass. 101, 103 (2000). In this action, the abutters challenged the comprehensive permit that was originally issued by the board in 2003, requesting that a judge in the Superior Court annul the board's decision issuing the comprehensive permit. The original comprehensive permit is inoperative.[7] Any action by the judge purporting to annul the original 2003 comprehensive permit, or the board's decision ordering that it be issued, would have no practical effect on the abutters' interests. They no longer have any personal stake in the validity of the board's decision. We agree with the judge that the case is moot.

This does not leave persons aggrieved without an opportunity to have any remaining concerns about the project addressed. The abutters here participated in the developers' appeal from the board's decision to the HAC and in the subsequent judicial review of the HAC decision. See note 7, *supra.* To the extent that the issues raised by the abutters in this action overlap the issues raised in the developers' administrative appeal, those issues were addressed de novo by the HAC and, pursuant to G. L. c. 30A, by the judge. The abutters have had their opportunity to be heard on those issues. *Taylor* v. *Housing Appeals Comm., supra.*

The developers argue that participation in the HAC appeal is

---

[7]In 2005, the HAC directed the board to issue an amended comprehensive permit, with different conditions. On review pursuant to G. L. c. 30A, the Superior Court upheld the HAC's decision as supported by substantial evidence, and we affirmed the judgment. *Taylor* v. *Housing Appeals Comm., supra* at 153.

sufficient to protect all of the interests of all persons aggrieved and that we should interpret the statutes as depriving such persons of *any* § 21 appeal once an applicant appeals to the HAC under G. L. c. 40B, § 22. We cannot do so. The developers' appeal to the HAC does not necessarily fully protect the interests of all persons who may be aggrieved by the issuance of a comprehensive permit. An appeal to the HAC may be brought only by the applicant for a comprehensive permit after the local zoning board either denies the application or grants it "with such conditions and requirements as to make the building or operation of such housing uneconomic." G. L. c. 40B, § 22. An abutter, or other aggrieved third party, has no right to appeal to the HAC, and may participate in the applicant's appeal only with the permission of the presiding officer in the HAC proceeding. 760 Code Mass. Regs. § 30.04 (2) (2004). Even if an abutter is allowed to intervene or otherwise to participate in an applicant's appeal pursuant to the regulations governing the HAC, "[t]he legal issues properly before the [HAC] are circumscribed . . . ." *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 370 (1973). While the HAC provides a de novo hearing, *id.* at 368-371, this standard of review applies only to the limited issues before it. By the terms of the statute, the issues before the HAC are *"limited* to the issue of whether, in the case of the denial of an application, the decision of the board of appeals was reasonable and consistent with local needs and, in the case of an approval of an application with conditions and requirements imposed, whether such conditions and requirements make the construction or operation of such housing uneconomic and whether they are consistent with local needs" (emphasis added). G. L. c. 40B, § 23. The statute also limits the relief that the HAC may grant. Consistent with the policy "to provide relief from exclusionary zoning practices which prevent[] the construction of badly needed low and moderate income housing," *Board of Appeals of Hanover* v. *Housing Appeals Comm., supra* at 354, the HAC is authorized to grant relief only in favor of the applicant, after a local board has made it impossible or uneconomic to construct or operate such housing, and not in favor of a third party who opposes the construction of such housing. If an application for a comprehensive permit was improperly denied by the local

zoning board, the HAC "shall vacate [the board's] decision and shall direct the board to issue a comprehensive permit or approval to the applicant." G. L. c. 40B, § 23. If an application was allowed with conditions that render the project uneconomic and that are not consistent with local needs, the HAC "shall order [the] board to modify or remove any such condition or requirement," subject to minimum safety standards, and "to issue any necessary permit or approval." *Id.* Nothing in § 23, however, authorizes the HAC to order that a comprehensive permit be denied, once the local zoning board has allowed it to be issued (albeit with conditions). The HAC thus had no statutory authority to act on abutters' claims that the application should have been denied outright — not allowed, even with conditions. Furthermore, while the HAC's decision is subject to judicial review, that review is governed by the relatively deferential standards of G. L. c. 30A. G. L. c. 40B, § 22. Judicial review of the HAC's decision under these standards must be limited to the issues that were properly before the HAC. No court could find that the HAC acted arbitrarily and capriciously by failing to do that which it has no authority to do. From an abutter's point of view, the applicant's appeal to the HAC is no substitute for the full judicial review provided in the last sentence of G. L. c. 40B, § 21, and G. L. c. 40A, § 17.

Therefore, although we conclude that the instant action is moot, the abutters could have brought a timely appeal to challenge the *operative* comprehensive permit, that is, the one whose issuance was ordered by the HAC in 2005.[8] By the plain language of § 21, "[a]ny person aggrieved by the issuance of a comprehensive permit or approval may appeal to the court as provided in" G. L. c. 40A, § 17. The board was obligated to "carry out the order of the [HAC] within thirty days of its entry and, upon failure to do so, the order of said committee shall, *for all purposes*, be deemed to be the action of said board" (emphasis added). G. L. c. 40B, § 23. By operation of this statute, the board is deemed, for all purposes, to have issued the comprehensive

---

[8]An appeal pursuant to G. L. c. 40A, § 17, must be brought within twenty days of the challenged decision of a board of appeals. On the record before us, it does not appear that the plaintiffs here commenced a new § 21 challenge to the amended comprehensive permit within twenty days. Any attempt to do so now would be untimely.

permit as ordered by the HAC. Under the plain language of G. L. c. 40B, § 21, any person aggrieved by the issuance of that comprehensive permit is entitled to seek judicial review thereof by commencing a timely action as provided in G. L. c. 40A, § 17.[9],[10],[11]

We recognize that this may in some cases add a second layer of review of any amended comprehensive permit that issues. As such, it may appear to contravene one purpose of G. L. c. 40B, namely, "to provide a streamlined procedure for processing applications for the necessary local approvals of construction of low or moderate income housing." *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 347. See *Middleborough* v. *Housing Appeals Comm.*, 449 Mass. 514, 521 (2007) (stating that "intent of the act" is "to streamline and accelerate the permitting process for developers of low or moderate income housing in order to meet the pressing need for affordable housing"). General Laws c. 40B furthers the Legislature's goal of

[9]General Laws c. 40A, § 17, permits "[a]ny person aggrieved by a *decision* of the board of appeals" to appeal from that decision to an appropriate court (emphasis added). Whether the board carries out the HAC's directive to issue an amended comprehensive permit or that directive is deemed to be the board's action, the issuance of the amended comprehensive permit is not the board's "decision." We attach no significance to this fact. As we have discussed, the Legislature intended that persons aggrieved by the issuance of such a permit be entitled to challenge it in court. G. L. c. 40B, § 21. In this context, G. L. c. 40A, § 17, merely prescribes the procedures for a § 21 appeal.

[10]We assume without deciding that the abutters are indeed "person[s] aggrieved," that is, that they had standing to maintain an action challenging the issuance of a comprehensive permit. The requirements for standing in a G. L. c. 40B case are significantly stricter than in an ordinary zoning appeal. Any diminution in value of the abutters' properties as a result of the project, for example, will not suffice. *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. 20, 26-37 (2006) (discussing cognizable injuries under G. L. c. 40B and abutters' rebuttable presumption of standing). On the record before us, it does not appear that the issue of standing was raised or considered.

[11]The developers argue that any issue an abutter might wish to raise with respect to a comprehensive permit could be subsumed within the HAC's consideration whether the conditions are consistent with local needs. However, the phrase "consistent with local needs" is defined by statute in terms of limited considerations, namely, "the regional need for low [or] moderate income housing," and "the need to protect the health or safety of the occupants of the proposed housing or of the residents of the city or town, to promote better site and building design in relation to the surroundings, or to preserve open spaces." G. L. c. 40B, § 20.

increasing the supply of low or moderate income housing not merely by streamlining application procedures, but primarily by overriding local zoning restrictions. As we discussed extensively in *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 346-355, the legislative history reveals that "the Legislature was more concerned with the cities' and towns' possible use of their zoning powers to exclude low [or] moderate income groups" than it was with "speeding up the processing of applications for the construction of low [or] moderate income housing." *Id.* at 347. For that reason, we concluded that G. L. c. 40B authorizes the HAC to "override local 'requirements and regulations,' including zoning ordinances or by-laws, which are not 'consistent with local needs.' " *Id.* at 355. Indeed, we stated that "[s]treamlining local permit procedures could not possibly serve the statute's clear purpose of promoting the construction of low [or] moderate income housing if the cities and towns retained the unlimited power to enforce restrictive zoning ordinances or by-laws which prevented the construction of such housing." *Id.* Streamlining the permitting process was not the only concern of the Legislature.

In any event, the Legislature clearly intended that persons aggrieved by the issuance of a comprehensive permit would have an opportunity to challenge it in court pursuant to G. L. c. 40B, § 21. Compared with an ordinary construction project (that is, one *not* governed by G. L. c. 40B), c. 40B in fact provides a more streamlined procedure. See *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. 20, 29 (2006). Instead of obtaining multiple permits and approvals from a variety of local authorities, a qualified applicant under G. L. c. 40B need obtain only *one* comprehensive permit. As a result, under G. L. c. 40B, there is only *one* decision of a local board that can be challenged in a single action for judicial review, rather than multiple decisions concerning separate aspects of the project, each of which could be the subject of a separate civil action by aggrieved third parties. In this way, G. L. c. 40B "minimiz[es] lengthy and expensive delays occasioned by court battles commenced by those seeking to exclude affordable housing from their own neighborhoods," *Standerwick* v. *Zoning Bd. of Appeals of Andover, supra*, by avoiding piecemeal litigation while still allowing aggrieved persons an opportunity to be heard.

Nonetheless, the cost of the delay resulting from a G. L. c. 40B, § 21, challenge to an amended comprehensive permit is significant. The delay may contribute to the effective defeat of a badly needed affordable housing project. The developers here first applied for a comprehensive permit over six years ago. In G. L. c. 40B proceedings, "[d]elay is often as effective as denial." *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 117 n.2 (1982). It is incumbent on all parties in such a case, and the HAC, to proceed as expeditiously as possible. Ultimately, the anomalies created by the separate appeals require a legislative resolution, either by expanding the issues that may be considered by the HAC or by expanding the scope of judicial review after the HAC directs the issuance of a new comprehensive permit.[12]

The decision of the judge in the Superior Court is affirmed.

*So ordered.*

---

[12]It has been suggested that the statutes could be harmonized by reading the last sentence of G. L. c. 40B, § 21, to allow appeals by "[a]ny person aggrieved by the issuance of a comprehensive permit or approval *with conditions which do not render the project uneconomic* . . . ." We cannot do so. "We will not add words to a specific statute that the Legislature did not put there, either by inadvertent omission or by design." *Simmons* v. *Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't*, 448 Mass. 57, 64 (2006), citing *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999).