Quinlan, Regina L., J.
The plaintiffs have brought this action against the defendant alleging in Count I trespass and in Count III a violation of G.L.c. 242, §7. The plaintiffs have moved for judgment on the pleadings or, in the alternative for summary judgment. For the following reasons, the motion is ALLOWED.
FACTS
Based upon the pleadings, the following facts are undisputed.
The plaintiffs are the owners of property located at 465 Shootflying Hill Road, Centerville, MA. The defendant is the owner of 471 Shootflying Hill Road, Cen-terville, MA. The two properties share a common lot line and are abutters to each other.
On or about July 26, 2006, the defendant Sezen White directed her landscaper to remove a holly tree which was on the plaintiffs’ land. She did so without the permission of the plaintiffs. At the defendant’s direction, the landscaper entered onto the property of the plaintiffs and removed the holly tree.
DISCUSSION
The court treats this motion as a motion for summary judgment rather than a motion for judgment on the pleadings. “Summary judgment is appropriately granted ‘if the pleadings, depositions, answers to interrogatories, and responses to requests for admissions . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). The moving party has the burden of establishing ‘that there are no material issues of fact and that [it] is entitled to judgment as a matter of law.’ Taylor v. Board of Appeals of Lexington, 68 Mass.App.Ct. 503, 508, further appellate review granted, 449 Mass. 1101 (2007), quoting from Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997).” Goren v. Town of Weston, 71 Mass.App.Ct. 1104 (2008).
G.L.c. 242, §7 provides in pertinent part:
A person who without license wilfully cuts down .. . or otherwise destroys trees on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only.
“The statute requires that the cutting be done ‘without license’ and ‘wilfully.’ Moskow v. Smith, 318 Mass. 76, 78 (1945). Where such cutting is done intentionally and without legal right to be on the land of another, the cutting is done ‘wilfully within the meaning of the statute.’ Palmer v. Davidson, 211 Mass. 556, 558 (1912).” Smith v. City of Marlborough, 67 Mass.App.Ct. 1104 (2006).
*149 The plaintiffs have established that they were the owners of the land where the holly tree had been located, that they had not consented to removal of the holly tree and the entry onto their land by the defendant’s landscaper at her direction was unlawful. The defendant failed to establish that she had a good reason to believe that she owned the disputed land. The defendant is therefore liable for treble damages.
The plaintiffs are seeking the costs of replacing and installing a tree to replace the holly tree which the defendant had removed. Based upon an appraisal, the plaintiffs are seeking $10,370.00 to replace the holly tree.
G.L.c. 242, §7 does not prescribe how the damages should be measured. Thus, damages are not limited to diminution in value of the property or the value of the tree cut. Glavin v. Eckman, 71 Mass.App.Ct. 313, 317 (2008). Replacement or restoration of the property to its precondition state have been allowed as a measure of damages. Id. However, in applying restoration costs as the measure of damages, the damages must be reasonable both as to the costs of replacement and as to what is reasonably necessary in light of the damage inflicted. Id., quoting Trinity Church v. John Hancock Mut. Life Ins. Co., 399 Mass. 43, 50 (1987). Where damages are for restoration costs “care must be taken, if possible, not to permit the injured party to recover more than is fair to restore him to his position prior to his loss. He should not recover a windfall . . . Thus, evidence of repair or replacement cost must be adjusted, if possible, to take into account the condition of the injured property at the time of the injury or loss . . . For example, if the property has deteriorated by the time of the injury, the plaintiff should not be awarded an amount that would put the property into a condition substantially better than it was at the time of the injury. Medford Hous. Authy. v. Marinucci Bros. & Co., 354 Mass. 699, 704 (1968).” Massachusetts Port Authority v. Sciaba Const. Corp., 54 Mass.App.Ct. 509, 517-18 (2002).
Damages must be proven. Based upon the record, there is an issue of material fact concerning the condition of the holly tree removed.
ORDER
Based upon the foregoing, the Plaintiffs’ Motion for Judgment on the Pleadings or in the alternative For Summary Judgment, is ALLOWED as to Counts I and III as to liability only.