Wilkins, Douglas H., J.
In this appeal under G.L.c. 40A, §17, from a decision granting a special permit, the permittees, defendants, Dalton Realty Holdings, LLC, Louis Frate and Dorothy A. Dalton (collectively, “Dalton”), have filed a Motion to Dismiss as Moot (“Motion”). The plaintiff, Marcille Holden and the members of Town of Shrewsbuiy Zoning Board of Appeals (“Board”) all oppose the Motion. After argument and upon consideration of the parties’ written submissions, the Motion is DENIED IN PART AND ALLOWED ONLY TO THE EXTENT THAT THE BOARD’S DECISION IS VACATED AS MOOT AND THE MATTER IS REMANDED TO THE BOARD.
BACKGROUND
To date, the alleged facts show as follows.
Dalton has operated a dog kennel at 780 Grafton Street, Shrewsbuiy Massachusetts (“Property”) known as Dalton’s Cherrywood Kennel. The prior owners of the Property held a dog kennel license and operated a kennel and grooming facility at the Property since at least 1960. The kennel is located in a Rural B residential district, comprised primarily of single-family homes.
On January 15, 2010, the Board issued a decision (“Decision”) granting a special permit for the removal, replacement and enclosure of existing dog grooming and kennel areas on the Property. The permit allowed increasing the overall exterior footprint of the kennel from 992 square feet to 1684 square feet. The Decision imposed a number of conditions, including a limitation on the number of dogs to 60 at a time, prohibition on allowing dogs outside of the completely enclosed kennels before 7:00 A.M. (8:00 A.M. on weekends) and after 6:00 P.M.; prohibiting the use of dog carriers, crates or similar devices to house dogs; and limiting the rights under the special permit to a period of 5 years.
Holden, a direct abutter of the Properly, filed this action, challenging the Board’s decision as arbitraiy, capricious, unreasonable, in violation of required procedure and founded upon legal error. Among other things, she argues that Dalton may not lawfully expand the baseline use of this non-conforming use through a special permit. Dalton has also appealed in a separate action, which it is willing to dismiss if the Motion is granted. Frate v. Shrewsbury et al., Worcester Superior Court No. 10-267.
Dalton now claims that it does not wish to exercise rights under the Decision and will surrender any such rights. It asserts that these facts make this appeal moot. Citing the testimony of the Shrewsbury Building Inspector before the Board, Dalton asserts that its kennel is a pre-existing non-conforming use at the property. The record does not appear to establish the baseline level of activity that prevailed when the Town adopted its zoning bylaw.
DISCUSSION
Section 17 of G.L.c. 40A provides that the Court “shall hear all evidence and determine the facts and, upon the facts as so determined annul such decision if found to exceed the authority of such Board or special permit granting authority or make such other decree as justice and equity may require.” While the parties dispute the issue, there is no question that this Court has the power and duty to dismiss a zoning appeal under G.L.c. 40A, §17, if the appeal becomes moot. The Trial Court has “hear[d] all the evidence” within the meaning of G.L.c. 40A, §17, if the material facts are undisputed, as here. Applying G.L.c. 40A, §17 to an appeal under G.L.c. 40B, §21, the Supreme Judicial Court has upheld dismissal on mootness grounds at the summary judgment stage when justified by the undisputed material facts. Taylor v. Board of Appeals of Lexington, 451 Mass. 270, 274 (2008).[3] The statute does not require the Court to hold a full-blown, unnecessary trial before entering relief if the undisputed facts demonstrate entitlement to relief.
*86 Since the Motion raises essentially a jurisdictional question of mootness, the Court may consider material outside the pleadings. See generally Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004). Based on that material, there is no dispute that Dalton is willing to abandon its project and its associated special permit and dismiss its own appeal from the Board’s decision and allow the Court to order that it surrender those rights. The consequence of holding the case moot is not, as Dalton’s filings suggest, a dismissal with orders to the defendants, but (as Dalton acknowledged and agreed at oral argument) vacating the underlying Decision as moot, so that no party is affected by preclusive effects of the Decision without an opportunity to be heard on the merits. See Auscough v. Andover, 19 Mass.App.Ct. 125, 128 (1984).
The key question is whether Dalton’s decision to forego the special permit truly moots the issues or simply changes them. “Litigation ordinarily is considered moot when the party claiming to be aggrieved ceases to have a personal stake in its outcome.” Taylor, 451 Mass. at 274, quoting Attorney Gen. v. Commissioner of Ins., 442 Mass. 793, 810 (2004), quoting Acting Superintendent of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000). In the narrow sense, neither the plaintiff nor Dalton has a personal stake in a project that will not be built. This case clearly cannot proceed as before; further judicial proceedings to adjudicate the validity of a special permit in which the permittee lacks any interest would waste everyone’s time and resources, including the public resources of the Court. In a broader sense, however, the issues that led the Board to impose conditions on the special permit have not gone away. The plaintiffs personal stake in those issues is very much alive, as are Dalton’s interests in pursuing its business. Further proceedings of some sort to address those issues appear inevitable. Most likely the Board will be involved. The Board’s position favoring a remand is a significant factor in fashioning judicial relief.
Upon determination that the material facts concerning Dalton’s willingness to abandon its project are undisputed, the Court has broad authority not only to “annul” the decision (for instance, by vacating it as moot), but also to “make such other decree as justice and equity may require.” The Court looks to the structure of the zoning enabling act to determine what justice and equity require in this case. Most persuasive is the general principle that, once a Board has given notice to the public of a proceeding on a special permit, the applicant may not unilaterally withdraw its application without prejudice unless the Board grants permission to do so:
Any petition for a variance or application for a special permit which has been transmitted to the permit granting authority or special permit granting authority may be withdrawn, without prejudice by the petitioner prior to the publication of the notice of a public hearing thereon, but thereafter be withdrawn without prejudice only with the approval of the special permit granting authority or permit granting authority.
G.L.c. 40A, §16. That rule protects the investment of time and effort and the interests of the Town, as representative of the public, and of abutters and other citizens in the proposed use of the property once public notice is given.
Dalton has assented to dismissal of its own appeal, waiving all rights under the special permit, and vacating the special permit as moot. It has not, at least expressly, agreed that the Special Permit would be withdrawn “with prejudice.” Such a disposition would have at least some preclusive effect upon future applications. G.L.c. 40A, §16.[4] At least as important is the opportunity provided by §16 for debate at an open meeting of a local governmental body, possibly accompanied by public input, when an applicant seeks to withdraw an application after notice to abutters and the public. The Board is ideally suited to hear all points of view and determine what, if any steps should accompany dismissal of the application, in light of the time and effort that all parties and the Board have invested in this matter. It may be that the Board does nothing more than allow the withdrawal of the special permit application without prejudice, but, if so, that should be the Board’s decision, not the Court’s.
In ordering a remand, I am also guided by the somewhat analogous case of Duteau v. Board of Appeals of Webster, 47 Mass.App.Ct. 664, (1999). In Duteau, the local Board of Appeals issued a special permit when the real question was whether the applicant was entitled to conduct its use as a matter of right.[5] The Court found “it necessary that the case be remanded to the board for reconsideration whether [the landowner] is entitled to use the premises for the” intended use. While there are many differences between that case and this one, the Board’s special permit in this case resembles Duteau in that it attempted to use the special permit process to resolve issues with a use that may or may not be allowed as of right (here, as a lawful preexisting use). See G.L.c. 40A, §6. The device of placing conditions upon a special permit might have worked here if Dalton had continued to pursue the project and if the Board had prevailed in the two pending appeals (a point on which the Court ventures no prediction or opinion). The shortcomings of the special permit as a vehicle to regulate concerns with an existing business, however, is now apparent. Here, as in Dalton, the Board should be the body to determine how next to proceed.[6]
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss as Moot is DENIED IN PART AND ALLOWED ONLYTO THE EXTENTTHATTHE BOARD’S DECISION IS VACATED AS MOOT AND THE MATTER IS REMANDED TO THE BOARD FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS MEMORANDUM.
*87 The Complaint in the consolidated action, Civil No. 10-267 is DISMISSED AS MOOT AT PLAINTIFFS REQUEST.

Dalton cites Garabedian v. Westland, Worcester Superior Court No. 960558-A (June 30, 2000) [12 Mass. L. Rptr. 130], p. 13, but the mootness issue there affected a declaratory judgment count and is not directly on point in this appeal under G.L.c. 40A.

The first paragraph of Section 16 reads: “No appeal, application or petition which has been unfavorably and finally acted upon by the special permit granting or permit granting authority shall be acted favorably upon within two years after the date of final unfavorable action unless said special permit granting authority or permit granting authority finds, by a unanimous vote of a board of three members or by a vote of four members of a board of five members or two-thirds vote of a board of more than five members, specific and material changes in the conditions upon which the previous unfavorable action was based, and describes such changes in the record of its proceedings, and unless all but one of the members of the planning board consents thereto and after notice is given to parties in interest of the time and place of the proceedings when the question of such consent will be considered.”

Another similarity, coincidentally, is that the concern with the landowner’s use in Duteau was noise.

The plaintiff has also expressed an interest in amending the complaint to state a claim for nuisance. There is no motion before the Court to amend the complaint. In any event, a dismissal for mootness is not a decision on the merits and would have no preclusive effect upon future assertion of such a claim.